[Crim. No. 1049.   First Appellate District, Division Two.—September 20, 1922.]

## THE PEOPLE, Respondent, v. THOMAS A. WREN, Appellant.

[1] CRIMINAL LAW—UNLAWFULLY SEIZED PROPERTY—DENIAL OF MOTION FOR RETURN—APPEAL FROM JUDGMENT OF CONVICTION — ORDER NOT REVIEWABLE.—Alleged error in denying a motion for the return of property taken from the possession of the defendant and used in evidence against him cannot be considered on appeal from the judgment of conviction.

[2] ID.—VIOLATION OF POISON LAW — SEIZED NARCOTICS — EVIDENCE—CONSTITUTIONAL LAW.—A defendant on an appeal from a judgment of conviction of violation of the State Poison Act cannot raise the point that the search of his person and seizure of narcotics found thereon was in violation of his constitutional rights, where the search and seizure were made before the charge was laid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Admissibility in evidence against defendant of documents or articles taken from him, notes, 3 Ann. Cas. 354; 59 L. R. A. 466; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

A: D. Duncan for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant appeals from a judgment of conviction of the crime of having in his possession a quantity of morphine in violation of the State Poison Act (Stats. 1907, p. 124). Though the offense is a misdemeanor in the first instance, the defendant was informed against and convicted in this case of a felony because of a prior conviction of the same offense. In his application on appeal numerous assignments of error are made, but all of these have been abandoned except the point that the court erred in denying his motion for a return of property which had been taken from his possession and used in evidence against him at the trial and the point that the trial court erred in admitting in evidence the property so taken from the person of the defendant. The motion for the return of the property was made at 9:45 A. M. of the day of the trial and prior to the calling of the case for trial. [1] Assuming that the motion was made at a reasonable time, the point is not to be considered on this appeal, as the motion for the return of the property is an entirely separate proceeding and no part of the cause from which the appeal is taken. (*People* v. *Mayen,* 188 Cal. 237 [205 Pac. 435].)

[2] As to the second point appellant concedes that if the issue raised on this appeal comes within the ruling of *People* v. *Mayen,* 188 Cal. 237 [205 Pac. 435], there is no merit in the appeal. The only material difference between the issue raised on this appeal and that considered in the Mayen case is that in the present case the property was taken from the defendant's person by the arresting officer and while in custody following an arrest upon suspicion, while in the Mayen case the property was taken from the premises of the defendant under a void search-warrant.

The facts of this case are that the defendant was arrested on the public streets of San Francisco by a member of the Police Department on suspicion that he, the defendant, was a drug addict, the arresting officer having had him under observation for several days prior to the arrest. He was immediately taken to the southern police station and without

a search-warrant and without any charge being placed against him, but while still in the custody of the police officer, his clothing was searched and five packages of narcotics were found in the lapel of his coat. He was immediately charged and booked for a violation of the State Poison Act, was subsequently arraigned and pleaded guilty and thereafter, upon request of his counsel, changed his plea to "not guilty" and raised the defense that his arrest was illegal and that the subsequent search and seizure were contrary to his constitutional rights.

Whatever may be said as to the arrest of defendant without a warrant, it is sufficient for the purposes of this case that when the search was made at the police station and the prohibited drugs found in his possession the crime with which he was charged was complete. Thereafter the arrest upon the charge on which defendant was tried and convicted was free from any legal objection. The search and seizure of which defendant complains was made before this charge was laid and is, therefore, outside of the realm of this appeal. The fact that the property was taken from the person of the defendant rather than from his premises can have no bearing upon its competency as evidence to be produced on the trial. As said in *People* v. *Mayen,* 188 Cal. 237 [205 Pac. 437] : "There is no rule better established or more universally recognized by the courts than that where competent evidence is produced on a trial the courts will not stop to inquire or investigate the source from whence it comes or the means by which it was obtained." And, again, in the same case (188 Cal. 250 [205 Pac. 440]) : "But no authority, so far as we have been able to discover, has suggested that the subsequent use of articles so taken as evidence is in itself any part of the unlawful invasion of such constitutional guaranty. The search and seizure are complete when the goods are taken and removed from the premises. Whether the trespasser converts them to his own use, destroys them, or uses them as evidence, or voluntarily returns them to the possession of the owner, he has already completed the offense against the constitution when he makes the search and seizure, and it is this invasion of the rights of privacy and the sacredness of a man's domicile with which the constitution is concerned."

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.