[Crim. No. 1701. First Appellate District, Division Two.—April 27, 1933.]

THE PEOPLE, Respondent, v. HARRY WONG TOY, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

SPENCE, J. — The defendant was convicted in the Superior Court in the City and County of San Francisco of a violation of the State Narcotic Act.

The transcript was filed in this court on November 21, 1932. The cause was regularly on the calendar for oral argument on February 14, 1933. At that time appellant was granted fifteen days' time within which to file his brief but no brief has been filed on his behalf and no further extensions of time have been granted or requested. Although it might be proper to affirm under the circumstances without making an independent search for error, we have nevertheless examined the record and find no error therein. From a review of the transcript it is safe to assume that the only point which appellant intended to raise on this appeal was that his constitutional rights were violated by the admission in evidence of certain narcotics taken from his room by the officers without a search-warrant. █ It is well settled in this state, however, that the use in evidence of the property seized is no part of the offense of search and seizure in violation of the constitutional guaranty. (*People* v. *Mayen*, 188 Cal. 237 [205 Pac. 435, 24 A. L. R. 1383] ; *In re Polizzotto*, 188 Cal. 410 [205 Pac. 676] ; *People* v. *Wren*, 59 Cal. App. 116 [210 Pac. 60] ; 23 Cal. Jur. 180.)

The judgment and order are affirmed.

Sturtevant, J., and Nourse, P. J., concurred.