[Civ. No. 40715. Second Dist., Div. Four. June 27, 1973.]

PORNO, INC., Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant;
THE PEOPLE, Real Party in Interest and Appellant.

## COUNSEL

John D. Maharg, County Counsel, and Harold S. Vites, Deputy County Counsel, for Defendant and Appellant.

Roger Arnebergh, City Attorney, and David Schacter, Deputy City Attorney, for Real Party in Interest and Appellant.

Boss & Mason and Lawrence E. Mason for Plaintiff and Respondent.

## OPINION

FILES, P. J.—This is an appeal from a judgment of the superior court requiring the municipal court to order the return of some motion picture projectors which had been seized pursuant to search warrants issued by that court. The case is here on a clerk's transcript only. The material facts are simple.

During March and April 1972, Los Angeles police officers sought warrants authorizing search of two theatres operated by plaintiff. The affidavits of the officers described various films which were being exhibited in those theatres which were alleged to be obscene within the meaning of Penal Code section 311.2.[1] A judge of the municipal court issued several warrants which directed the officers to seize both the films and the projectors in those theatres. Acting under the color of those warrants, officers seized films and a projector on four separate occasions. Motions

---

[1]Penal Code section 311.2, subdivision (a): "Every person who knowingly sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state possesses, prepares, publishes, or prints, with intent to distribute or to exhibit to others, or who offers to distribute, distributes, or exhibits to others, any obscene matter is guilty of a misdemeanor."

for the return of the projectors were heard and denied by the judge who had issued the warrants.

Plaintiff then petitioned the superior court for a writ of mandate to compel the return of its projectors.[2] The case was tried and a judgment entered in favor of plaintiff, from which an appeal was taken by the county counsel, on behalf of the municipal court, and the Los Angeles City Attorney, on behalf of the real party in interest.

The judgment of the superior court declared that if a stay of execution were granted, plaintiff would suffer irreparable harm. A stay of 48 hours was allowed to petition the Court of Appeal for a writ of supersedeas (see Code Civ. Proc., § 1110b). Appellants' petition for supersedeas was denied without opinion by another division of this court. The writ of mandamus thereupon issued on May 4, 1972, and presumably the projectors have been returned to plaintiffs. The case, however, cannot be dismissed as moot. The fact that this case arose at all reflects a grievous misunderstanding of the law which calls for some statement here.

There is no issue in this court as to the seizure of the films. For the purpose of this discussion it may be assumed that the film was lawfully seized as contraband, possessed in violation of Penal Code section 311.2.

The record on appeal contains no detailed description of the projectors, since the evidence has not been brought up. We may assume, in favor of the judgment, that the evidence supported the plaintiff's allegation that these were of the type commonly used to project 16 millimeter film. The reels of film were not permanently attached to the machines. Any standard 16 millimeter film could be inserted or removed from these projectors in a matter of seconds.

The superior court made no formal findings of fact, but the court's "order for peremptory writ of mandate" contains this: "As it is nowhere contended that the projectors themselves were necessary or even proper evidence of the commission of the crime charged in the declarations for issuance of the search warrants, to-wit, a violation of section 311.2, California Penal Code, the sole purpose of the seizure must have been to 'stop' this illegal practice, i.e., either at this time or by repeated use of the same tactics to put the petitioner out of business.

"The Appellate Department of this court has consistently held that the use of a search warrant for this purpose in advance of an on-the-merits

---

[2]Mandate is a proper means of compelling the return of property illegally seized. (*Flack* v. *Municipal Court* (1967) 66 Cal.2d 981, 984 [59 Cal.Rptr. 872, 429 P.2d 192].)

determination of guilt is improper. (*People* v. *Rockford* [1971] CR A 10678; *People* v. *Rizzi* [1969] CR A 8388; *People* v. *Luros* [1969] CR A 8351.)"

On this appeal counsel for appellants cite the rule that evidence of crime is subject to seizure, citing *People* v. *Thayer* (1965) 63 Cal.2d 635 [47 Cal.Rptr. 780, 408 P.2d 108], and *United States* v. *Wild* (2d Cir. 1969) 422 F.2d 34. It is theoretically possible that in a prosecution under Penal Code section 311.2, the prosecutor might offer in evidence a film projector as corroboration of the officer's testimony that he saw the offending films projected on a screen. But while possible, it seems most unlikely that such an exhibit would be offered, and appellants have made no contention in the superior court or here that the projectors were seized for that purpose.

In the *Thayer* case, *supra,* a physician and his assistant were convicted of submitting false claims to a county agent. Proof was made by the use of some of the defendants' office records which had been seized pursuant to a search warrant. Those records were necessary and proper evidence of the fact that the defendants had claimed payment for services never performed. The seizure was therefore held proper.

In the *Wild* case, *supra,* the defendants were convicted of a conspiracy to use the mails for the delivery of obscene matter (18 U.S.C. § 1461). As an incident to the arrest of the defendants in their respective apartments the government had seized the obscene photographs and slides, and also cameras, projectors and office supplies. At the trial slides, rubber stamps, customer orders and order forms were received in evidence. On the defendants' appeal from the judgment of conviction the court said (422 F.2d at p. 38): "There can be no dispute that the materials taken and used at trial were subject to seizure. . . .

"The items not used in evidence at the trial have apparently been retained by the Government. Some of this material, such as the slides and brochures, may be retained as contraband. Trupiano v. United States, 334 U.S. 699, 710, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). However, other items—particularly the photographic equipment that was seized —should have been returned by the Government at least when appellants' counsel on appeal made an oral demand upon the Assistant United States Attorney after the convictions were obtained. While we do not condone overlong detention of such items, we fail to see how this can affect the validity of appellants' convictions."

Two distinctions between the *Wild* case and this one appear: First, in *Wild,* the photographic equipment was apparently seized in good faith

for use in evidence; at least there was no contention to the contrary. Second, the only issue before the appellate court was whether the conviction should be reversed. Unnecessary seizure of equipment did not prejudice defendant at the trial and hence could not be ground for a reversal.

In the case at bench the real reason for taking the projectors out of plaintiff's theatre is forthrightly stated in appellants' brief thus: "Penal Code, section 311.2 makes it a crime to exhibit obscene matter. In the context of films the exhibition, which is the criminal act, requires the mechanical device of a projector. For the operation of a movie theatre, as conducted by respondent, the availability and use of a projector, or projectors, is an integral part of their business operation. Without the use of the projector to depict the images on a screen, the crime pronounced by that portion of 311.2 of the Penal Code could not be accomplished.

". . . In this light, it must be concluded that the subject projectors are contraband and subject to seizure, and were in fact properly seized in the instant case."

Although the projectors may have been used in the commission of a misdemeanor, they were designed for and capable of use for lawful purposes. The alleged guilt of the owner had not been judicially determined. No authority is cited for appellants' assertion that such property of a person charged with crime is contraband.

The seizure of the projectors was unlawful and unconstitutional. The seizure was unreasonable (U.S. Const., Amends. IV and XIV; Cal. Const., art. I, § 19) and the property was taken without due process of law (U.S. Const., Amends. V and XIV; Cal. Const., art. I, § 13).

What has happened is that plaintiff has been subjected to punishment not authorized for its alleged crime (see Pen. Code, § 311.9). The nature of the property taken aggravates the situation, for the seizure also prevents the lawful use of the projectors, as a means of expression protected by the First Amendment to the federal Constitution. In this field a magistrate has a special obligation to limit his warrants in such a way as not to restrain legitimate expression. (See *Marcus* v. *Search Warrant* (1961) 367 U.S. 717 [6 L.Ed.2d 1127, 81 S.Ct. 1708].)

We can understand the frustration of those who seek to enforce the criminal statutes against obscene performances, at a time when legislators and courts seem unable to express a workable legal definition of unlawful obscenity. But it is also necessary to remember that the heart of the difficulty is that constitutionally protected expression "is often separated from

obscenity only by a dim and uncertain line." (*Bantam Books, Inc.* v. *Sullivan* (1963) 372 U.S. 58, 66 [9 L.Ed.2d 584, 590, 83 S.Ct. 631].) The solution is not what appellants attempted by the use of warrants in this case.

Punishment without trial is an alien device, totally at war with our ideal of due process.

The judgment is affirmed.

Jefferson, J., and Dunn, J., concurred.