[Crim. No. 9605.   Second Dist., Div. Four.   Feb. 24, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. SOL GERSH-ENHORN, Defendant and Appellant.

David H. Caplow and Maurice Rose for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood, Harry B. Sondheim and Bart Goldman, Deputy District Attorneys, for Plaintiff and Respondent.

KINGSLEY, J.—Since the People do not here contest either the factual or conclusional allegations of appellant, we accept the facts as stated in appellant's declaration filed in the court below.

Appellant was arrested and his business premises searched

by officers of the Los Angeles Police Department, without a warrant and without reasonable grounds to believe him guilty of any criminal offense. As a result of the arrest and search, the officers seized certain business records and personal property of appellant, none of which was "contraband" as that term is used in connection with proceedings such as are herein involved. Appellant was admitted to bail and thereafter released from custody for lack of the filing of a criminal complaint. We infer from the documents before us that he was thereafter indicted by the Grand Jury for some offense[1] and that proceedings under that indictment are still pending.

Appellant moved in the superior court for an order suppressing the evidence secured as a result of the above search and seizure and for return of the property so seized. The motion was denied and defendant appealed from that portion of the order which denied the return of the seized property to defendant. The Attorney General has moved to dismiss the appeal as being from a nonappealable order.

█ A person whose property has been seized unlawfully by a law enforcement agency is afforded a variety of remedies, one or more of which he may pursue, depending on the specific result he desires and his counsel's decision as to tactics and strategy:

(1) He may move, before trial, to suppress the evidence as was done here. If that motion be denied, or even if no such motion had been made, he may object to the introduction of the evidence either at the preliminary examination or at the trial. If objection is made and overruled at the preliminary examination, he may review that action by a motion made under section 995 of the Penal Code. █ If unsuccessful there, he may seek relief in this court by way of a writ of prohibition. (Pen. Code, § 999a.) █ If still unsuccessful, he may renew his objection at the trial and, if then overruled, may raise the point on appeal from a judgment of conviction, if that should result. █ Under these circumstances, a denial of a pretrial motion to suppress is clearly interlocutory. Not only is the original ruling still open to reexamination in the ways just outlined but, since the sole purpose of a motion to suppress is to avoid a conviction of crime, the

---

[1]Nowhere, either in the record or briefs, is it made to appear what offense the officers assumed had been committed as a justification for the arrest, search and seizure, nor for what offense appellant was later indicted.

matter may well become moot. The evidence, even if not suppressed, may never be offered at a criminal trial, or even if offered and received, no conviction may take place. In no sense, then, is the original order denying suppression final or independently appealable. No doubt it was with these considerations in mind that defendant limited his present appeal to that portion of the order which refused to return the seized property to him.

(2) However, one whose property is illegally seized may desire not only to prevent its use against him in a criminal case, but also to procure its return. In that case, he may, either as an alternative to, or in conjunction with,[2] a motion to suppress, move for its return as was done here. If the property was seized under a void warrant, or if it was not the property described in a warrant, such a motion is expressly authorized by section 1540 of the Penal Code. If the property was illegally seized without a warrant, the courts have allowed a similar motion. But such a motion for return of property is a separate procedure from the criminal trial and is not reviewable on an appeal from an ultimate judgment of conviction. (*People* v. *Mayen* (1922) 188 Cal. 237 [205 P. 435, 24 A.L.R. 1383]; *People* v. *Wren* (1922) 59 Cal.App. 116 [210 P. 60].) Consequently, unlike an order denying a motion to suppress, an order denying return cannot be regarded as interlocutory in nature since, so far as the criminal proceeding is concerned, it finally disposes of the issue.

But it is not enough that the order not be interlocutory. The right of appeal is statutory. Only such actions of the trial court may be reviewed on appeal as the Legislature has selected. (*People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633].) If the ''separate proceeding'' of a motion for return be regarded as a criminal proceeding, it is clear that an order of denial is not among any of the matters for which an appeal is provided by section 1237 of the Penal Code. Clearly the statutory motion under section 1540 is a criminal proceeding. Not only is it provided for in

[2]Prior to *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], a return of illegally seized property would not have prevented the officer from testifying as to knowledge obtained by the seizure (*People* v. *Mayen* (1922) 188 Cal. 237 [205 P. 435, 24 A.L.R. 1383]). Now, of course, an order for return, based on a finding of unlawful seizure, would have the same effect as a direct order for suppression.

the Penal Code, but the motion is made in a court dealing, *in limine,* with a potential criminal prosecution. We see no reason why the non-statutory motion to return seized property herein involved, seeking the same objective and on the same constitutional basis should be treated, for purpose of appeal, in any different manner. The appeal from that portion of the court's order denying the motion for return must be dismissed.

■ Appellant is not, however, without remedy. Since the order is not otherwise reviewable, a discretionary review by writ of mandate from this court is available. In the alternative, a property owner in appellant's position may institute a civil action for recovery of his property (or a civil action in conversion), with a right to review as of course, by appeal from any adverse judgment in such civil action.[3]

The attempted appeal from the order denying the motion to suppress and return is dismissed.

Burke, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 22, 1964.

---

[3] We do not here decide whether an order denying return would ever be res judicata in the subsequent civil action.