Opinion
 

 WORK, J.
 

 Joseph Lamonte (Lamonte) appeals from a judgment of conviction after he pleaded guilty to being a felon in possession of a firearm (Pen. Code,
 
 [1]
 
 § 12021, subd. (a)) and committing burglary (§459). He also ' petitions for a writ of mandate after the court partially denied his motion for return of computer and telephone equipment seized by police at the time of his arrest. Lamonte is entitled to the property because it is not contraband, stolen or subject to forfeiture. Thus, we grant the petition. We also affirm the judgment.
 

 Factual
 
 [2]
 
 and Procedural Background
 

 While dining with several companions at the Harbor House Restaurant, Lamonte attempted to pay the $319.56 bill with a credit card in another person’s name and with a second invalid card. When confronted, Lamonte fled but was arrested in the parking lot. A consent search of his van produced numerous credit cards, identification cards with Lamonte’s picture
 
 *547
 
 and others’ names, laminating equipment, papers with handwritten credit card numbers, a cellular telephone, a laptop computer, a telephone decoder, telephone connectors, sterile gloves, a loaded, sawed-off shotgun and nunchakus. Lamonte escaped but was rearrested the following day.
 

 Charged with a host of possession and property crimes,
 
 [3]
 
 Lamonte entered a negotiated guilty plea to being a felon in possession of a firearm and second degree burglary with a
 
 Harvey
 
 waiver.
 
 [4]
 
 The court sentenced Lamonte to concurrent three-year prison terms and imposed $519.56 in restitution fines on October 20, 1995.
 

 Immediately after sentencing Lamonte moved for the return of more than 90 items of property seized from his van, including eyeglasses, office supplies, checkbooks, electronic equipment, a cellular telephone, telephone equipment, a soldering iron, two computers, computer hardware and software, diskettes, books, brochures, out-of-state license plates,5 a camera, a pager, luggage, gloves and a shark’s tooth.
 

 The People conceded Lamonte was entitled to some items, but opposed return of property it characterized as “fruit or instrumentality of his crimes . . . .” The People specifically objected to returning the checkbooks, computers and certain hardware and software, the telephone and telephone equipment, computer and advertising literature, contending it was contraband “used ... to perpetrate credit card fraud.” In their points and authorities, the People stated Lamonte had an “off-the-record” conversation with a police detective in which Lamonte admitted he “specialized in ‘information gathering’ which he used to commit credit card fraud. [Lamonte’s] sources of information included ‘dumpster diving,’ mail theft, and computer bulletin board services . . . [and he] used a computer and an encoder to alter credit
 
 *548
 
 cards.” The People also objected to the return of articles on how to build a machine gun, arguing they were also contraband.
 
 [6]
 

 At the hearing on the motion, Lamonte’s counsel explained Lamonte lived in the van at the time of his arrest, the police seized all his possessions and presumably verified the property was not stolen. Counsel argued the property was not used in the commission of a crime nor was it criminal to possess. Counsel emphasized Lamonte told the probation officer he worked with computers.
 

 The People argued the equipment should not be returned because Lamonte “not only admitted but actually bragged to the police officer about how he used his computers to access bank computers and obtain credit card numbers and [personal identification] numbers. Then using the computer software he had, he was able to make designs for the front of the counterfeit access cards.” The People also opposed return of notebooks and checks as “items of dominion and control.”
 

 Lamonte addressed the court, stating he was a “computer tech” and used the equipment in his business. The police officer expressed interest in computers and asked Lamonte whether certain things could be done. Lamonte told the officer “there was [sic] ways" but he did not do them and his equipment was not capable of encoding or electromagnetic recording. Lamonte said many of the on-line service diskettes had never been opened because he had “never been online.”
 

 The court ordered all property returned to Lamonte except a laptop computer, 120 computer discs, a computer board, a disk drive, cords and cables, a telephone decoder, a telephone line tester and connectors, an Electricord crimper, a circuit board, an adapter, the owner's manual for a high-speed fax modem, the envelope with “do it yourself articles and paper containing computer codes.
 
 [7]
 

 Lamonte has filed his appeal (D024844) and a petition for writ of mandate seeking the remainder of the property (D026139). We have stayed scheduled
 
 *549
 
 destruction of the retained property by the police custodian, issued an order to show cause and have consolidated the petition and appeal.
 

 Discussion
 

 Overview
 

 The Fourth Amendment prohibits both unreasonable searches and unreasonable seizures, and its protection extends to both “houses” and “effects.”
 
 (United States
 
 v.
 
 Jeffers
 
 (1951) 342 U.S. 48, 51 [72 S.Ct. 93, 95, 96 L.Ed. 59].) Only where incident to a valid arrest, or in “exceptional circumstances, ” may an exemption from the warrant requirement lie, and then the burden is on those seeking the exemption to show the need for it.
 
 (Ibid.)
 
 An arresting officer may seize those fruits and evidences of crime or those contraband articles which are in plain sight or in his or her immediate and discernible presence at the time of arrest.
 
 (Weeks
 
 v.
 
 United States
 
 (1914) 232 U.S. 383, 392 [34 S.Ct. 341, 344, 58 L.Ed. 652].)
 

 Persons may not be deprived of property without due process of law, nor may the Legislature expropriate private property by mere legislative enactment. (Cal. Const., art. I, § 15;
 
 People
 
 v.
 
 Beck
 
 (1994) 25 Cal.App.4th 1095 [31 Cal.Rptr.2d 44].) “The right to regain possession of one’s property is a substantial right which may not be dependent upon the whim and caprice of a court. . . .”
 
 (Franklin
 
 v.
 
 Municipal Court
 
 (1972) 26 Cal.App.3d 884, 896 [103 Cal.Rptr. 354], citations omitted.) Continued official retention of legal property with no further criminal action pending violates the owner’s due process rights.
 
 (People
 
 v.
 
 Superior Court
 
 (1972) 28 Cal.App.3d 600, 619 [104 Cal.Rptr. 876].)
 

 A criminal defendant may move for return of property before trial on the ground the seizure was unreasonable. (§ 1538.5.) A defendant may also bring a nonstatutory motion for return of property seized by warrant or incident to arrest which was not introduced into evidence but remained in possession of the seizing officer.
 
 (Gershenhorn
 
 v.
 
 Superior Court
 
 (1964) 227 Cal.App.2d 361, 364-365 [38 Cal.Rptr. 576].)
 

 The court may order the return of an exhibit to its owner prior to the final determination of the action upon stipulation of the parties or upon notice and motion, if no prejudice will be suffered by either party and a complete photographic record is made of the released exhibit. (§ 1417.2.) After property is filed or introduced in a criminal action, it may be returned to the
 
 *550
 
 owner, destroyed, sold, or retained by the county for public use, depending on the property’s character.
 
 [8]
 
 Section 1417.5 provides:
 

 “Except as provided in Section 1417.6, 60 days after the final determination of a criminal action or proceeding, the clerk of the court shall dispose of all exhibits introduced or filed in the case and remaining in the clerk’s possession, as follows:
 

 “(a) The court shall, on application of the owner or any person entitled to possession of the exhibits or an agent designated in writing by the owner, order the release of any exhibits that will not prejudice the state. ...”
 

 If the owner does not apply for return of the property and the property is valuable but not stolen or embezzled, it may be transferred to a county agency for sale or retained by the county for a public use (§ 1417.5, subd. (b)(2).) If the property is money or currency, it is deposited in the county treasury to become property of the county if unclaimed after two years. (§ 1420.) Unclaimed stolen or embezzled property is destroyed. (§ 1417.5, subd. (b)(1).) The destruction of an exhibit may not be ordered before the date when a criminal action or proceeding becomes final.
 
 [9]
 

 Certain dangerous weapons and property, tools and devices used in motor vehicle chop shops
 
 [10]
 
 and property illegal to possess and used by a defendant
 
 *551
 
 to commit the crime are excepted from return to the owner. Section 1417.6 provides:
 

 “(a) The provisions of Section 1417.5 shall not apply to any dangerous or deadly weapons, narcotic or poisonous drugs, explosives, or any property of any kind or character whatsoever the possession of which is prohibited by law and that was used by a defendant in the commission of the crime of which the defendant was convicted, or with which the defendant was armed or that the defendant had upon his or her person at the time of the defendant’s arrest.
 

 “Any of this property introduced or filed as an exhibit shall be, by order of the trial court, destroyed or otherwise disposed of under the conditions provided in the order no sooner than 60 days following the final determination of the criminal action or proceeding.”
 

 The confiscation and destruction of property without a hearing, proceeding or other forum to determine whether the property was dangerous, illegal to possess or otherwise excepted from return to the owner is an unconstitutional deprivation of property without due process of law.
 
 (People
 
 v.
 
 Beck, supra,
 
 25 Cal.App.4th 1095, 1103.)
 

 Application
 
 [11]
 

 The property seized from Lamonte’s van was never filed or introduced as exhibits in his criminal proceeding because he pleaded guilty shortly after arrest. Thus the property he seeks is technically not “exhibits” within section 1417.5. For the purposes of lawful disposition of the property, however, we see no reason to distinguish between seized property used as exhibits and seized property which was not used. Both are “seized by a public officer, acting under the color of his status as a law enforcement officer, and seized solely on the theory that it constitutes a part of the evidence on which judicial action against its owner or possessor will be taken.”
 
 (Gershenhorn
 
 v.
 
 Superior Court, supra,
 
 227 Cal.App.2d 361, 366.) Lamonte should have no less due process regarding return of property by virtue of pleading guilty rather than proceeding to trial.
 

 
 *552
 
 Lamonte’s nonstatutory motion sought the return of all property except weapons.
 
 [12]
 
 The People opposed returning some of the property as contraband relating to the dismissed counts of illegal use of access cards. They argued the court could consider those counts because of Lamonte’s
 
 Harvey
 
 waiver. Although the court did not give its reasoning for retaining rather than returning particular items, we infer it believed Lamonte was not entitled to the computer and telephone equipment because he had used it to illegally gather information.
 

 In his petition, Lamonte argues the People failed to show the property was stolen, contraband, subject to forfeiture or needed as evidence in a future proceeding. He contends the recounting of his purported statement to the police officer was not evidence to support forfeiture. The People respond forfeiture is inapplicable but the property need not be returned because it was used to commit a crime, relying on
 
 Aday
 
 v.
 
 Superior Court
 
 (1961) 55 Cal.2d 789 [13 Cal.Rptr. 415, 362 P.2d 47]
 
 (Aday).
 

 Aday
 
 does not support the People’s argument property used to commit a crime is or becomes contraband and should not be returned. There, officers obtained a warrant and seized all personal business records and property on the premises as evidence of distribution of two obscene books. The warrant was found invalid as overbroad and lacking in particularity, except for the two named books.
 
 (Aday, supra,
 
 55 Cal.2d at p. 796.) The court noted the obscene books were contraband and the business owners were not entitled to their return, but much of the other seized property was not contraband.
 
 (Id.
 
 at p. 800.) Because the court was unable to determine whether all of the property other than the books should have been returned, further proceedings were ordered.
 
 (Ibid.)
 

 Contraband is goods or merchandise whose importation, exportation, or possession is forbidden. (Webster’s New Collegiate Diet. (9th ed. 1986) p. 284.) Property used to commit a crime is not necessarily contraband. In
 
 Porno, Inc.
 
 v.
 
 Municipal Court
 
 (1973) 33 Cal.App.3d 122 [108 Cal.Rptr. 797], officers seized motion pictures and standard movie projectors as evidence theater operators exhibited obscene matter. Before trial the operators moved for return of the projectors and return was ultimately granted by writ of mandate and affirmed on appeal. The court explained although the projectors might be offered in evidence to corroborate testimony obscene films were actually shown, no contention was made the projectors were seized for that purpose but were seized to stop the claimed illegal activity.
 
 *553
 
 Even if the projectors were used in the commission of a crime, they were “designed for and capable of use for lawful purposes” and their seizure was improper.
 
 (Id.
 
 at pp. 124-125.)
 

 The status of the telephone and computer equipment here is analogous to the projectors in
 
 Porno, Inc.
 
 Although Lamonte may have used the equipment in committing crimes, the equipment itself is not illegal to possess. Section 1417.6 prohibits return of “property of any kind or character whatsoever the possession of which is prohibited by law
 
 and
 
 that was used by a defendant in the commission of the crime of which the defendant was convicted . . . .” (italics added.) Because the requirement is conjunctive, it does not apply to the property here. The court may not refuse to return legal property to a convicted person to deter possible future crime. In light of our conclusion the property is not contraband, we need not address the effect of a
 
 Harvey
 
 waiver on questionable property relating to dismissed counts.
 

 Appeal
 

 Appointed appellate counsel has filed a brief setting forth the evidence in the superior court. He presents no argument for reversal, but asks this court to review the record for error as is mandated by
 
 People
 
 v.
 
 Wende, supra,
 
 25 Cal.3d 436. We granted Lamonte permission to file a brief on his own behalf. He has not responded. A review of the entire record has disclosed no reasonably arguable appellate issue. Lamonte has been competently represented by counsel on the appeal.
 

 Disposition
 

 Let a writ of mandate issue directing the superior court to vacate that portion of its order denying return of specified items of property and enter a new order granting return. The stay issued will vacate upon issuance of the remittitur. The judgment is affirmed.
 

 Kremer, P. J., and Haller, J., concurred.
 

 The petition of plaintiff and respondent for review by the Supreme Court was denied May 14, 1997.
 

 [1]
 

 All statutory references are to the Penal Code unless otherwise specified.
 

 [2]
 

 The facts are taken from the probation report.
 

 [3]
 

 The complaint filed on September 12, 1995, charged Lamonte with being a felon in possession of a firearm (§ 12021, subd. (a), count 1); possessing a short-barreled shotgun (§ 12020, subd. (a), count 2); possessing nunchakus (§ 12020, subd. (a), count 3); escape from arrest (§ 836.6, subd. (b), count 4); acquiring access card account information without consent (§ 484e, subd. (e), count 5); theft of an access card (§ 484e, subd. (d), count 6); unlawful use of a stolen access card (§ 484g, subd. (a), count 7); nonresidential burglary (§ 459, count 8); and receiving stolen property (§ 496, subd. (a), count 9). The complaint further alleged Lamonte had a no-probation prior within the meaning of section 1203, subdivision (e)(4) and three prior prison terms within the meaning of section 667.5, subdivision (b).
 

 [4]
 

 People
 
 v.
 
 Harvey
 
 (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], The plea form stated:
 
 “{Harvey Waiver)
 
 The sentencing judge may consider the entire factual background of the case, including any dismissed or stricken charges or allegations or cases, and any charges the District Attorney agrees not to file, when granting probation, ordering restitution or imposing sentence.”
 

 [6]
 

 Lamonte sought return of the “do it yourself’ articles as protected by the First Amendment. At the hearing the People argued the articles describing how to build a machine gun were contraband, but have not continued the argument on review. Although a felon may not possess a machine gun, he or she may read about one. Because the issue was not addressed in the petition, we do not belabor it.
 

 [7]
 

 The reporter’s transcript reflected the court did not order the return of a Contura Aero computer (item No. 78). The original written order includes that computer among the items to be returned to Lamonte. We take judicial notice of an amended order dated November 15, 1995, deleting the computer.
 

 [8]
 

 Property may also be forfeited to or destroyed by the state if used in the manufacture, sale, delivery, import or export of controlled substances in violation of the California Uniform Controlled Substances Act (Health & Saf. Code, § 11000 et seq.) Because controlled substances were not involved in Lamonte’s case, we do not address asset forfeiture.
 

 [9]
 

 Section 1417.1 provides: “No order shall be made for the destruction of an exhibit prior to the final determination of the action or proceeding. For the purposes of this chapter, the date when a criminal action or proceeding becomes final is as follows:
 

 “(a) When no notice of appeal is filed, 30 days after the last day for filing that notice.
 

 “(b) When a notice of appeal is filed, 30 days after the date the clerk of the court receives the remittitur affirming the judgment.
 

 “(c) When an order for a rehearing, a new trial, or other proceeding is granted and the ordered proceedings have not been commenced within one year thereafter, one year after the date of that order.
 

 “(d) In cases where the death penalty is imposed, 30 days after the date of execution of sentence.”
 

 [10]
 

 If a defendant is convicted of violating Vehicle Code section 10801 (owning or operating a chop shop), 10802 (altering or destroying vehicle identification numbers for purposes of sale or transfer) or 10803 (buying, selling or transferring “chopped” vehicle parts), a hearing is held to determine whether the tool or device used in the crime should be declared a nuisance and disposed of. A person purporting to be the lawful owner of the tool or device may show ownership and the illegal use of the tool or device was without his or her knowledge or consent. (§ 1417.6, subd. (b)(l)-(4).)
 

 [11]
 

 Initially we note Lamonte’s case was not final at the time he moved for return of property as time had not run for filing a notice of appeal and he subsequently appealed. (Cal. Rules of Court, rule 31.) Without a stipulation for its return, the property should have been maintained by the custodian until finality. In light of Lamonte’s appeal pursuant to
 
 People
 
 v.
 
 Wende
 
 (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] and in the interest of judicial economy, we now address the question.
 

 [12]
 

 Following a conviction for being a felon in possession of a firearm, the weapon is declared a nuisance and surrendered to law enforcement. (§ 12028.) A nunchaku is illegal to possess. (§ 12020, subd. (a).)