[No. E045671. Fourth Dist., Div. Two. Feb. 20, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC EUGENE HOPKINS, Defendant and Appellant.

COUNSEL

Patrick J. Hennessey, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, and Donald W. Ostertag, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**RAMIREZ, P. J.**—Defendant Eric Eugene Hopkins appeals from an order denying his motion for return of property following the prosecution's dismissal of marijuana-related charges because the marijuana was legally possessed under the Compassionate Use Act of 1996. (Health & Saf. Code, § 11362.5.)

## BACKGROUND

Defendant was charged with transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)), and possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)), in a felony complaint. On March 26, 2008, criminal charges were dismissed on motion of the prosecutor. On April 14, 2008, defendant made a nonstatutory motion for return of property. The basis for the motion was that the marijuana had been legally possessed pursuant to the Compassionate Use Act. (Health & Saf. Code, § 11362.5.) On April 17, 2008, the motion was denied. Defendant appealed.

## DISCUSSION

At his request, this court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] and *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1386], setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting that we undertake an independent review of the entire record. We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106 [51 Cal.Rptr.3d 98, 146 P.3d 547], we have independently reviewed the record for potential error.

At the outset, we observe that defendant's counsel has acknowledged that the order denying the motion for return of property may not be an appealable order. We do not deal with a denial of statutory motion for return of property due to an unlawful search or seizure. (Pen. Code, §§ 1536, 1538.5, 1539,

1540.) Here, there was no motion to suppress evidence made on the ground that the marijuana had been unlawfully seized.

■ Instead, we deal with a nonstatutory motion to return property that would have been used as an exhibit in a trial, had the charges not been dropped.[1] (Pen. Code, §§ 1417.2–1417.6.) A criminal defendant may bring a nonstatutory motion for return of property seized by warrant or incident to arrest, which was not introduced into evidence but remained in possession of the seizing officer. (*People v. Lamonte, supra,* 53 Cal.App.4th at p. 549.)

■ Although the trial court has the inherent authority to entertain the motion for return of property seized under color of law, the right to appeal is wholly statutory and a judgment or order is not appealable unless it is expressly made so by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227].) An order denying a motion for return of property—whether or not the property has been admitted as evidence in a criminal trial—is not among the matters for which an appeal is permitted under Penal Code section 1237. That section authorizes appeals from "any order made after judgment, affecting the substantial rights of the parties."

■ A motion for return of property is a separate procedure from the criminal trial and is not reviewable on an appeal from an ultimate judgment of conviction. (*People v. Gershenhorn* (1964) 225 Cal.App.2d 122, 125 [37 Cal.Rptr. 176].) If the "separate proceeding" of a motion for return is regarded as a criminal proceeding, for which the right to appeal is governed by Penal Code section 1237, an order denying the motion is nonappealable because such an order is not listed among any of the matters for which an appeal is authorized by Penal Code section 1237. (*People v. Gershenhorn,* at p. 125; see also *People v. $25,000 United States Currency* (2005) 131 Cal.App.4th 127, 131–132 [31 Cal.Rptr.3d 637].)

■ The proper avenue of redress is through a petition for writ of mandate, not an appeal. (*People v. $25,000 United States Currency, supra,* 131 Cal.App.4th at p. 132; see also *People v. Gershenhorn, supra,* 225 Cal.App.2d at p. 126.) Alternatively, the individual may seek return of his or her property in a civil action for recovery of property with an attendant right to appeal from any adverse civil judgment. (See, e.g., *Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, 123 [113 Cal.Rptr. 102, 520 P.2d 726]; *People v.*

---

[1] It has been held that for purposes of lawful disposition of property, there is no reason to distinguish between seized property used as exhibits and seized property that was not used, since both were seized by a public officer, acting under color of his status as a law enforcement officer, and seized solely on the theory that it constitutes a part of the evidence on which judicial action against its owner or possessor will be taken. (*People v. Lamonte* (1997) 53 Cal.App.4th 544, 551 [61 Cal.Rptr.2d 810].)

*Superior Court (Loar)* (1972) 28 Cal.App.3d 600, 611 [104 Cal.Rptr. 876].) We note that defendant did file a petition for writ of mandate at the same time as he filed his appellate brief, in *Hopkins v. Superior Court* (Oct. 17, 2008, E046537) (nonpub. opn.), and that a peremptory writ was issued, ordering return of the property. We deal with the appealability of the order from which the appeal was taken only because it is a recurring issue.

Moreover, it appears the issue may have been moot by the time of the hearing on defendant's motion. The trial court stated that the marijuana had been destroyed shortly after it was taken into custody. While the record does not include an order for destruction of the evidence—necessary to authorize such destruction (Pen. Code, §§ 1417 [exhibits shall be retained until disposed of pursuant to chapter], 1417.1 [no order for destruction may be made until 30 days after the criminal action is final]), assuming the action had been taken, it would be impossible for this court to grant any effectual relief. (*In re A.C.* (2008) 166 Cal.App.4th 146, 154–155 [82 Cal.Rptr.3d 542].)

## DISPOSITION

The appeal is dismissed.

Gaut, J., and Miller, J., concurred.