Filed 9/29/14  P. v. Marbain CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DAVID RENE MARBAIN,<br><br>　　　Defendant and Appellant. | A139387<br><br>(Sonoma County<br> Super. Ct. No. SCR594444) |

Defendant David Rene Marbain, who pleaded guilty to felony possession of concentrated cannabis, sought return of peyote that was seized along with marijuana at his residence.  The trial court denied the motion for return of the peyote and rejected defendant's claim that the peyote was intended for religious use.  On appeal from the order denying return of the peyote, defendant claims the court improperly considered irrelevant facts as well as facts outside the record.  Although the challenged order is nonappealable, we shall exercise our discretion to treat the purported appeal as an extraordinary writ petition and deny the petition on the merits.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Sonoma County District Attorney charged 13 individuals, including defendant, with drug-related offenses.  The charges against defendant included cultivation of marijuana (Health & Saf. Code, § 11358), possession of marijuana for sale (Health & Saf. Code, § 11359), possession of peyote (Health & Saf. Code, § 11350, subd. (a)), and manufacture, possession, or possession for sale of prohibited weapons (billy and nunchaku) (Pen. Code, § 12020, subd. (a)(1)), among other charged offenses.

1

Defendant moved for "return of sacred medicine (peyote)," arguing that peyote seized by police was intended for religious purposes and was therefore not contraband. Defendant described the motion as a "nonstatutory motion for return of property seized without a warrant." The motion was supported by a declaration from Reverend Randy Hurley, who described himself as an officer of a local chapter of the Native American Church and stated that defendant had been an active member of the church as well as a "recognized roadman or minister for over 20 years."

Defendant pleaded no contest to one count of possessing concentrated cannabis in violation of Health and Safety Code section 11357, subdivision (a). In exchange for the plea, the district attorney agreed to dismiss all of the remaining charges against defendant. At the time of the plea, the court had not yet heard defendant's motion to return the peyote.

Following entry of his plea, defendant renewed his motion for return of the peyote. Defendant sought the return of 4.46 pounds of peyote, 27 peyote plants, and various peyote samples that had been seized.

In opposition to the motion, the district attorney stated that sheriff's deputies had obtained a warrant to search multiple residences based upon probable cause that illegal marijuana cultivation and distribution was taking place at the residences. Pursuant to the search warrant, deputies searched a residence that was linked to defendant. According to the district attorney, deputies found the following items at the residence: "249 marijuana plants, grow lights, 22 bags and 6 pounds of marijuana, 27 peyote plants, 2 paper bags of peyote, pay/owe sheets and grow notes, over $5,700 in cash, financial records, and multiple cell phones." The district attorney did not submit any declarations or other evidence in support of the opposition.

The trial court heard defendant's motion on July 11, 2013. Defendant was the sole witness at the hearing. He testified that he had been a member of the Native American Church since 1978 and held the position of road man, which he described as a minister or ceremonial leader. According to defendant, peyote plays a sacred and pivotal role in the Native American Church. He claimed the peyote seized by sheriff's deputies was to be

2

used for future ceremonies and that he had never sold peyote. Defendant admitted upon cross-examination that, at the time of the search, he lived at the residence where the peyote was found. He acknowledged that approximately 249 marijuana plants and 21 pounds of processed marijuana were seized from his residence along with the peyote. He also agreed that deputies seized $5,700 in cash from the residence. However, the prosecutor was unsuccessful in eliciting testimony from defendant about pay/owe sheets, financial records, and cell phones recovered from the residence. Defendant either denied knowledge of the facts when questioned, or the trial court sustained objections to the prosecutor's questions.

The trial court denied the motion. The court began by stating that it would have no problem returning the peyote if defendant possessed it "solely for religious purposes," citing the California Supreme Court's decision in *People v. Woody* (1964) 61 Cal.2d 716 (*Woody*). However, the court believed the facts in this case were different from those in *Woody*. The court then recited the facts set forth by the prosecutor, including that deputies found substantial amounts of marijuana and cash at a house where defendant resided. The court also noted that defendant had been convicted of a felony narcotics offense as a result of the investigation. The court concluded that defendant had "failed to prove . . . that the possession of peyote was solely for religious purposes, since it was so closely intermingled with his illegal narcotics activities" of which he was convicted. Defendant filed a notice of appeal from the trial court's order denying his request to return the peyote.

## DISCUSSION

### 1.      *Appealability of order denying nonstatutory motion to return property*

Although the parties did not question the appealability of the trial court's order, "since the question of appealability goes to our jurisdiction, we are duty bound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) We afforded the parties an opportunity to address the issue in supplemental briefing. (See Gov. Code, § 68081.) As we explain, the order denying defendant's nonstatutory motion for return of seized property is not appealable.

3

A criminal defendant may move for return of property before trial under Penal Code section 1538.5 on the ground the seizure was unreasonable.  (*People v. Lamonte* (1997) 53 Cal.App.4th 544, 549.)  The denial of a statutory motion for suppression of evidence or return of property may be reviewed on appeal if the defendant raised the issue before being convicted.  (Pen. Code, § 1538.5, subd. (m); *People v. Davis* (2008) 168 Cal.App.4th 617, 629.)

Alternatively, a defendant may bring a nonstatutory motion for return of seized property that remains in the possession of the police.  (*People v. Lamonte, supra,* 53 Cal.App.4th at p. 549; accord, *Gershenhorn v. Superior Court* (1964) 227 Cal.App.2d 361, 364–365.)  The right to seek redress by means of a nonstatutory motion rests on the trial court's inherent authority to return property seized under color of law.  (*People v. Hopkins* (2009) 171 Cal.App.4th 305, 308.)  It is well settled that an order disposing of a nonstatutory motion for return of property is not appealable.  (*Ibid.*; accord, *People v. Gershenhorn* (1964) 225 Cal.App.2d 122, 125–126.)  This is so because "the right to appeal is wholly statutory and a judgment or order is not appealable unless it is expressly made so by statute."  (*People v. Hopkins, supra,* at p. 308.)  "A motion for return of property is a separate procedure from the criminal trial and is not reviewable on an appeal from an ultimate judgment of conviction."  (*Ibid.*)  Further, "[a]n order denying a motion for return of property . . . is not among the matters for which an appeal is permitted under Penal Code section 1237."  (*Ibid.*)  The proper method to seek appellate review of an order denying return of property is through a petition for writ of mandate.  (*Ibid.*; accord, *People v. Gershenhorn, supra,* 225 Cal.App.2d at p. 126.)

In this case, defendant pursued a nonstatutory motion for return of property.  Defendant denominated his motion as nonstatutory, did not present any statutory grounds justifying return of the peyote, and did not seek to suppress evidence on the ground it was unlawfully seized.  Indeed, even in the briefing on appeal defendant refers to his request for return of property as a nonstatutory motion.  Consequently, the order denying return of the property is not appealable and the appeal is subject to dismissal.  (*People v. Hopkins, supra,* 171 Cal.App.4th at p. 308.)

4

In supplemental briefing, defendant contends the order denying return of the peyote is appealable under subdivision (b) of Penal Code section 1237 because it is an "order made after judgment, affecting the substantial rights of the party." The thrust of his argument is that the challenged order affects his constitutional right to free exercise of religion. We are not persuaded that the assertion of a constitutional claim affords a party the right to appeal from an order that is otherwise nonappealable. Further, the case law relied upon by defendant does not support his contention.

Defendant primarily relies upon *People v. Beck* (1994) 25 Cal.App.4th 1095 (*Beck*), a case in which a defendant sought the return of firearms that had been seized pursuant to former Penal Code section 12028 (hereafter former section 12028).[1] That section provided in relevant part that any firearm used in the commission of an offense was to be surrendered to authorities upon the conviction of the defendant. (Former § 12028, subds. (b) & (c); see *Beck, supra,* at pp. 1100–1101.) The defendant in *Beck* filed both an appeal and a petition for writ of mandate, which were consolidated for purposes of decision. (*Beck, supra,* at pp. 1097–1098.) In discussing the appealability of the order denying the motion for return of property, the *Beck* court observed that the denial of the motion was properly reviewable by writ of mandate. (*Id.* at p. 1104.) However, the court also noted that, in contrast to a motion for return of property that involves a proceeding separate from the proceedings resulting in the criminal conviction, the application of former section 12028 is automatic upon conviction and does not involve a separate proceeding. (*Beck, supra,* at p. 1104.) Consequently, the court concluded that an erroneous confiscation of firearms under former section 12028 is appealable because it " 'involve[s] . . . the charge against defendant or his rights as affected by that charge.' " (*Beck, supra,* at p. 1104.) The court distinguished between the confiscation under former section 12028—which was appealable—from the denial of the motion to return property—which was reviewable by writ. (*Beck, supra,* at pp. 1105–1106.) The court maintained this distinction in its disposition, in which it reversed the

[1]Former Penal Code section 12028, as amended by Stats. 2004, ch. 602, § 2, was repealed and reenacted as Penal Code section 18000 by Stats. 2010, ch. 711, § 6.

5

order confiscating firearms in the appeal, and separately granted the petition for writ of mandate and directed the trial court to grant the motion for return of the firearms. (*Id.* at p. 1106.)

Here, unlike in *Beck*, we are concerned solely with a nonstatutory motion to return property. Former section 12028 is inapplicable. The seizure of the peyote was not an automatic or necessary consequence of defendant's conviction. Further, the motion to return the property necessitated a proceeding separate from the proceeding that resulted in defendant's conviction. Consequently, *Beck* does not support defendant's contention that the court's order in this case is appealable.

Defendant also relies on *People v. Superior Court* (*Loar*) (1972) 28 Cal.App.3d 600, but that case actually supports the view that an order denying return of property is nonappealable. In *Loar,* the People challenged an order directing the return of purportedly obscene films, photographs, and other materials. (*Id.* at p. 604.) Defendant seizes upon references in the *Loar* opinion to First Amendment rights, but the constitutional nature of the claims did not make the challenged order appealable. Instead, the matter was pursued as a writ proceeding, and the court in *Loar* made clear that the order directing return of property was not appealable. (*Id.* at p. 621.) The court stated: "Although it was an order made after judgment, it did not affect 'the substantial rights of the People' with respect to the judgment in the criminal action. [Citations.] Had the motion [for return of property] been denied, defendants could not have appealed from the order of denial. [Citations.] By the same token, the People are not entitled to appeal from an order granting the motion. The People's remedy was by extraordinary writ, a remedy which they have invoked." (*Ibid.*) Therefore, even though *Loar* involved constitutional claims relating to seized property, *Loar* does not stand for the proposition that the assertion of constitutional claims allows one to appeal as a matter of right from an order denying a nonstatutory motion to return property.

Finally, defendant claims that he would have had a right to appeal if he had simply characterized his request for relief a statutory motion under Penal Code section 1538.5. We disagree. That section provides in relevant part that a defendant who pleads guilty

6

may seek further review of the validity of a search or seizure "*on appeal from a conviction*" if, "at some stage of the proceedings prior to conviction he or she has moved for the return of the property or the suppression of the evidence." (Pen. Code, § 1538.5, subd. (m), italics added.) The statute clearly contemplates that the trial court will have heard the statutory motion before the defendant is convicted so that the ruling may be reviewed as part of the appeal from the judgment of conviction. Here, defendant's motion was not fully briefed and heard until after he was convicted. He did not appeal from the judgment of conviction but instead appealed from the subsequent order denying return of the peyote. Indeed, defendant's notice of appeal was not filed until nearly seven months after the date he was convicted and sentenced. Merely characterizing the motion as a request for relief under Penal Code section 1538.5 would not have given defendant the right to appeal the denial order as part of the judgment of conviction, because the time to appeal that judgment had long since passed. (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days].)

**2.      *Writ review***

Although the challenged order is not appealable, we have the discretion to treat a purported appeal from a nonappealable order as a petition for extraordinary writ relief. (See *In re M.R.* (2013) 220 Cal.App.4th 49, 65.) Under the circumstances presented here, we shall exercise our discretion to treat the appeal as a writ petition in order to reach the merits of the dispute.

A person is not entitled to the return of property that it is unlawful to possess. (*Ensoniq Corp. v. Superior Court* (1998) 65 Cal.App.4th 1537, 1547.) It is unlawful to possess peyote. (Health & Saf. Code, §§ 11054, subd. (d)(15), 11350, subd. (a).) However, in *Woody, supra,* 61 Cal.2d at pages 725–727, our Supreme Court held that the state may not prohibit the use of peyote by a person who demonstrates a bona fide religious belief in Peyotism. The court based its decision on the free exercise clause of the First Amendment. (*Ibid.*) Consequently, a person may be entitled to have confiscated peyote returned if that person can demonstrate that the possession and use of peyote serves a religious purpose.

7

In determining whether peyote serves a religious purpose, the trier of fact "must ask whether the claimant holds his belief honestly and in good faith or whether he seeks to wear the mantle of religious immunity merely as a cloak for illegal activities." (*Woody, supra,* 61 Cal.2d at p. 726.) The trial court " 'will have to determine in each instance, with whatever evidence is at hand, whether or not the assertion of a belief which is protected by the First Amendment is *in fact* a spurious claim.' " (*Ibid.*; see *In re Grady* (1964) 61 Cal.2d 887, 888 [factual question existed as to whether defendant's claimed religious use of peyote was bona fide].)

Here, the trial court determined as a factual matter that defendant's possession of peyote was not for a religious purpose despite his claim otherwise. The court reasoned, in effect, that the presence of substantial quantities of illegal drugs at the residence supported an inference that the peyote did not serve a bona fide religious purpose. The court's factual determination is entitled to deference. (Cf. *People v. Jenkins* (2000) 22 Cal.4th 900, 969.)

Defendant has offered no compelling reason for this court to reject the trial court's factual determination. He contends the trial court improperly based its decision on hearsay and considered irrelevant and prejudicial evidence. However, because he did not object to the facts offered by the prosecution as hearsay or object to the evidence as more prejudicial than probative, he waived any such objections. (See *In re C.B.* (2010) 190 Cal.App.4th 102, 132.) In any event, as a result of defendant's admissions on cross-examination, the court had before it ample, competent evidence that the peyote was found along with illegal drugs and evidence of drug sales, including large amounts of cash. Further, defendant was convicted of a felony narcotics offense and necessarily admitted the factual basis for his conviction as part of his plea. Consequently, there was substantial evidence to support the trial court's conclusion that the intermingling of illegal drugs with peyote tended to show that the peyote was not used for religious purposes. We conclude that defendant's challenge to the order denying his motion for return of peyote lacks merit.

8

## DISPOSITION

We construe the purported appeal from the order denying defendant's nonstatutory motion for return of peyote as a petition seeking extraordinary writ relief.  So construed, the petition is denied on the merits.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.