[Civ. No. 46539. First Dist., Div. Three. Dec. 20, 1979.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
NATHANIEL McGRAW et al., Real Parties in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philobosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Ronald G. Niver and Blair W. Hoffman, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

James C. Hooley, Public Defender, Jay B. Gaskill, Assistant Public Defender and Michael P. Moore for Real Parties in Interest.

OPINION

SCOTT, J.—The People seek a writ of mandate to compel respondent court to set aside its order returning certain valuable property previously seized by the police to real parties in interest, and to hold an evidentiary hearing to determine whether the property involved was stolen.

On March 24, 1978, the Oakland police served a search warrant on the residence of real parties in interest, Nathaniel McGraw and Robin Strong. They were authorized to seize some specified clothing, $30, a yellow pad, and "indicia of residency." The affidavit supporting the warrant stated that McGraw was a suspect in an armed robbery where certain clothing was worn.

The officers executing the warrant had also received information from a police bulletin connecting real party in interest McGraw with burglaries of homes of persons of oriental descent. The person involved in these crimes seemed to prefer to take foreign currency and wrist watches. On January 20, 1978, McGraw had been arrested for the burglary of the home of an oriental victim. In the course of the search, the officers saw and seized items which appeared to be connected with these reported burglaries.

At the hearing on the motion to suppress evidence under Penal Code section 1538.5, Detective Faulkner testified that he had been investigating 18 to 20 burglaries of oriental victims which he believed had been committed by McGraw. The losses in these burglaries were confined to small items such as foreign money, currency, coins, and jewelry of gold and jade.

Items seized at the apartment of real parties in interest included 10 plastic bags of American coins as well as assorted old and foreign coins. Police also seized assorted jewelry boxes, cigar boxes, brown envelopes and silk purses containing some 50 rings, 8 watches, 20 bracelets, 24 necklaces and 8 pairs of earrings. This jewelry, containing gold, jade, diamonds and silver, was valued by police at $50,000. Approximately 200 oriental burglary victims examined the seized property, but less than 5 percent of the property was claimed by victims of theft.

The trial court held that all the items were legally seized. Subsequently, real party in interest McGraw was convicted of certain offenses

and sentenced to state prison. The charges against real party Strong were dismissed. McGraw's conviction is currently on appeal before this court.

At the conclusion of the criminal proceedings, McGraw and Strong petitioned the court for return of the items seized which had not been claimed by specific victims. The court granted their motion. This petition followed.

In making its order, the trial court applied the provisions of Penal Code section 1540, which provides: "If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken." The People contend that the court was required to entertain an evidentiary hearing and make a finding of whether the subject property had been stolen, and if so, dispose of it in the manner provided by section 1407 et seq. We find no statutory or case authority directly on point.

There is ample authority for the right of the state to withhold the return of contraband to its owner. Penal Code section 1538.5, subdivision (e) provides that "if a search or seizure motion is granted...the property shall be returned...*unless it is otherwise subject to lawful detention.*" (Italics added.) Penal Code sections 1417 through 1419 provide for the disposition of evidence in criminal cases. Section 1419 provides for the destruction or sale or other disposition of exhibits introduced or filed in a criminal action, which are dangerous or deadly weapons, narcotic or poison drugs, explosives, or any property of any kind or character whatsoever the possession of which is prohibited by law, used by a defendant in the commission of the crime of which he was convicted, or with which he was armed or which he had upon his person at the time of his arrest. Clearly, the People have the right to detain any property which it is unlawful to possess, and such right exists whether the property was lawfully seized or not. (See *United States* v. *Jeffers* (1951) 342 U.S. 48 [96 L.Ed. 59, 72 S.Ct. 93]; *Trupiano* v. *United States* (1948) 334 U.S. 699 [92 L.Ed. 1663, 68 S.Ct. 1229].)

Stolen property in the hands of the thief is contraband. Its possession by its lawful owner is of course not illegal. In *Aday* v. *Superior Court* (1961) 55 Cal.2d 789 [13 Cal.Rptr. 415, 362 P.2d 47], a motion was

made under Penal Code section 1540 to return allegedly obscene property which had been seized but had not been named in the warrant. The court concluded that at least some of the property was not obscene and thus not contraband, and therefore had to be returned to its owners. In that case the court remanded for a hearing to determine what of the seized property not named in the warrant was obscene and what was not. In *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085 [102 Cal.Rptr. 494], the defendant moved for the return of monies seized by the police and held as evidence of his intent to sell marijuana. The trial court was directed to hold a hearing to resolve conflicting claims to the money by the Internal Revenue Service and the defendant's attorney. The appellate court stated (at p. 1090) that the "right of petitioners to possession was questioned; however, no evidence on the issue was introduced; and no determination of the issue was made," and thus remanded the cause for a resolution of the conflicting claims to the money.

Real parties' reliance on *Stern* v. *Superior Court* (1946) 76 Cal. App.2d 772 [174 P.2d 34], is misplaced. The *Stern* court ordered the return of $50,000 illegally seized from a suspected abortionist, stating that Penal Code section 1540 "does not put the burden on the citizen of suing to get the property back. It makes it the duty of the magistrate to see to its restoration by a mandatory 'must.' There is no discretion about it. Upon ascertaining that the property taken is not that described in the warrant—and it is not difficult to do that—he must not *order* its return, but must 'cause it to be restored.' Further, the statute says nothing about ownership, it deals only with possession." (76 Cal.App.2d at p. 784.) The court relied exclusively on section 1540. Penal Code section 1407 et seq. were not discussed in *Stern*. Those provisions were inapplicable because the property involved was not alleged to be stolen property. Here we are dealing with allegedly stolen property.

Penal Code section 1411 assumes that stolen property is not to be returned to the possession of the person from whom it was taken, even if that person was not charged with or convicted of any crime and even if a third party owner is not found. Penal Code section 1411 provides in relevant part: "If the ownership of the property stolen or embezzled and the address of the owner. . .can be reasonably ascertained, the peace officer who took custody of the property shall notify the owner. . .by letter of the location of the property and the method by which the owner may obtain it. Such notice shall be given upon the conviction of a

person for an offense involving the theft, embezzlement or possession of such property, *or if a conviction was not obtained, upon the making of a decision by the district attorney not to file the case or upon the termination of the proceedings in the case.* ... [I]f the property stolen or embezzled is not claimed by the owner before the expiration of three months after the giving of such notice, or, *in any case in which no such notice was given,* before the expiration of six months from the conviction of a person for an offense involving the theft, embezzlement or possession of such property, *or if a conviction was not obtained,* then from the time the property came into the possession of the peace officer or the case involving the person from whom it was obtained is disposed of, whichever is later, the magistrate or other officer having it in custody may...deliver it to the county treasurer or other proper county officer, by whom it must be sold and the proceeds paid into the county treasury." (Italics added.) Thus, once seized property is found to be stolen, it is to be sold at public auction, subject to the right of due process of the person from whom it was taken. (Cal. Const., art. I, § 7: "A person may not be deprived of...property without due process of law.")

We find no statute or case authority for the appropriate procedure to follow to make the initial determination of whether property seized in the execution of a search warrant is in fact stolen property. ■ It seems reasonable, however, that if the contraband nature of seized property is in doubt, there should be an appropriate procedure for making that determination. This concept finds support in *Aday v. Superior Court, supra,* 55 Cal.2d 789, and *Buker v. Superior Court, supra,* 25 Cal.App.3d 1085.

Due process requires that the determination of whether the seized property is stolen must be the result of a fair hearing. Evidence Code section 637 provides that the "things which a person possesses are presumed to be owned by him." Such a presumption assumes the existence of the presumed fact "unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." (Evid. Code, § 604.) Thus, the subject property is presumed to be owned by the real parties in interest until the state has presented evidence which would support a finding that real parties did not in fact own the property. The People would be required to prove the property was stolen by a preponderance of the evidence, as in all determinations of ownership. All relevant evidence on the issue would be admissible.

■ Real parties' contention that petitioner waived its right to an evidentiary hearing on the ownership of the questioned property is without merit. Although the parties stipulated that the court could make its determination of real parties' motion for return of the seized property based upon the transcript of the Penal Code section 1538.5 motion, it clearly appears that the court made its decision upon the basis of its misapplication of Penal Code section 1540. No determination of the ownership of the property was made, the court being under the impression that it was required to restore the property to real parties in interest, without regard to ownership. In the event the People fail in their burden of proving the property to be stolen, then the property must be returned to real parties.

Let a peremptory writ issue directing the superior court to vacate its order returning certain property to real parties in interest. The superior court is also directed to hold an evidentiary hearing to determine whether the subject property is stolen; in the event the court finds that the property is stolen, such property will be ordered disposed of in the manner described by Penal Code section 1411.

White, P. J., and Feinberg, J., concurred.