[No. H016861. Sixth Dist. Aug. 14, 1998.]

ENSONIQ CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JON DATTORO, Real Party in Interest.

## COUNSEL

McManis, Faulkner & Morgan, James McManis and Michael Reedy for Petitioner.

No appearance for Respondent.

Eric M. Safire, Marvin Rous and Edward Mahler for Real Party in Interest.

## OPINION

## COTTLE, P. J.—

### I. INTRODUCTION

This matter arises from the competing claims of petitioner Ensoniq Corporation (hereafter, Ensoniq) and its former employee, real party in interest Jon Dattoro (hereafter, Dattoro) to intellectual property which Dattoro brought to California when he left his employment with Ensoniq. Ensoniq contacted the district attorney, who obtained a search warrant and seized the disputed property from Dattoro's residence. However, the district attorney decided not to prosecute Dattoro, who then brought a motion for return of the seized property.

Ensoniq now seeks a writ of mandate to compel respondent superior court to vacate its order setting forth the procedure for the hearing on Dattoro's motion for return of property seized under search warrant. In its order, the superior court ruled that Ensoniq has no standing to participate in the hearing, and permitted only the district attorney to present evidence that Ensoniq is the rightful owner of the seized property.

We hold that the superior court properly determined that, under the circumstances of this case, Ensoniq is a third party with no standing under the Penal Code to apply for delivery of the seized property or otherwise contest Dattoro's motion for return of seized property. We also hold that the court erred in requiring the district attorney to participate in the hearing, because the trial court cannot compel the district attorney to oppose a motion for return of seized property. The district attorney has not charged Dattoro with any crime, has conceded that the People cannot prove that Dattoro stole the seized property from Ensoniq, and has not objected to the return of the property to Dattoro.

Under these circumstances, due process requires that Dattoro's motion for return of legal property seized under warrant be granted, and that the superior court issue an order returning actual possession of the seized physical items to Dattoro. As we further explain, this order is limited to a determination of the right of actual possession of the physical items in this

proceeding, and has no effect upon the parties' competing civil claims to ownership of either the physical items or the intellectual property contained within them. We therefore grant the petition for writ of mandate, and direct respondent court to issue an order in accordance with our holding.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Seizure of Property Pursuant to Search Warrant*

Dattoro was employed by Ensoniq as a design engineer from May 1987 until he resigned in July 1995. Ensoniq is a company based in Pennsylvania which develops computer software to operate musical instruments. As a design engineer, Dattoro maintained engineering notebooks in which he recorded his progress in developing mathematical computations and algorithms for Ensoniq products.

While he was employed at Ensoniq, Dattoro was advised by his Pennsylvania attorney that under Pennsylvania law an employee owns the trade secrets and inventions which he has developed on company time and premises, in the absence of any agreement to the contrary. The Pennsylvania attorney further advised Dattoro that when he left Ensoniq he could take with him any documents containing trade secrets owned by him.

Dattoro resigned from Ensoniq in 1995 and moved to Palo Alto, California. He brought his engineering notebooks with him, along with other items acquired through his work at Ensoniq. Ensoniq then sought return of the engineering notebooks and other items by way of the California criminal justice system.

In January 1996, Ensoniq's attorney contacted the Santa Clara County District Attorney's office to report the theft of trade secrets by Dattoro. Ensoniq's vice-president of engineering executed an affidavit stating that Dattoro refused to return engineering notebooks containing Ensoniq's proprietary information, and that Dattoro had also taken books belonging to Ensoniq.

The deputy district attorney then obtained a search warrant for Dattoro's residence and vehicle. The search warrant described the stolen property as documents, including documents in computer readable form, which contained information pertaining to specific Ensoniq projects or products; computers, peripheral devices, and computer disks; and documents, such as telephone bills, showing the identity of the residents of the house.

The search warrant was executed at Dattoro's Palo Alto residence on March 21, 1996. The property seized included engineering notebooks,

source code, documents and papers, computer discs, computer drives, data tapes, and computer chips. Subsequently, Dattoro's California attorney advised the district attorney that Dattoro had relied upon the advice of counsel that he was entitled to possession of the seized property.

The deputy district attorney reviewed the evidence gathered in his investigation and decided not to prosecute Dattoro, later stating in a declaration that, "[m]y decision was based upon my belief that there was insufficient evidence to convince a jury beyond a reasonable doubt that Mr. Dattoro acted with the required criminal intent. My decision was *not* based upon any determination by me or my office that Mr. Dattoro was the rightful owner of the property seized from his residence."

B.  *Proceedings for Return of the Seized Property*

In January 1997, Dattoro filed a motion to return property seized pursuant to search warrant, under Penal Code sections 1536, 1539, and 1540.[1] In his motion, Dattoro did not attack the legality of the search warrant, instead arguing that the property should be returned to him because it was not stolen. Dattoro contended that he, not Ensoniq, owned the trade secrets contained in the seized items pursuant to Pennsylvania intellectual property law.

A hearing was held in superior court on February 6, 1997, with regard to Dattoro's motion to return seized property. The court requested that Ensoniq and Dattoro brief the issue of whether Ensoniq had standing to contest Dattoro's motion, and continued the hearing on the motion to a later date.

In its memorandum of points and authorities, Ensoniq argued that it had standing to contest the return of the seized property to Dattoro, because due process required that Ensoniq not be deprived of its intellectual property without notice and an opportunity to be heard on the issue of ownership. Ensoniq also argued that section 1407 et seq. provides that the owner of stolen property in the possession of a magistrate may apply for delivery of the property, and that decisions interpreting these statutes have required that an evidentiary hearing be held whenever ownership is disputed. Ensoniq also argued at length that Ensoniq, not Dattoro, owns the seized property under Pennsylvania intellectual property law.

Dattoro filed points and authorities in opposition, contending that Ensoniq did not have standing to contest his motion for return of seized property, because Ensoniq's ownership claims should be resolved in the civil forum, and appellate decisions interpreting section 1407 et seq. hold that it is the

---

[1]All statutory references are to the Penal Code unless otherwise noted.

People who have the burden of proving that seized property was stolen and should not be returned to the person from whom it was taken.

Thereafter, Ensoniq filed a separate application for return of property pursuant to section 1407 et seq. In its application, Ensoniq reiterated the arguments it had made in its previously filed points and authorities. As an exhibit to its application, Ensoniq included the declaration of the deputy district attorney in charge of the high technology crimes unit, in which he stated that he had decided not to prosecute Dattoro because the People could not prove the seized property was stolen, and further stating that the district attorney had not made any determination as to the ownership of the property. Dattoro opposed Ensoniq's application for return of property.

On March 20, 1997, the trial court held a hearing regarding the procedural aspects of the parties' motions for return of the seized property. Ensoniq, Dattoro, and the deputy district attorney appeared. The deputy district attorney confirmed that no criminal charges had been filed against Dattoro. When the trial court asked, "And the People are not contesting the request by the defendant [*sic*] in this matter, or actually never charged the defendant, the moving party, Mr. Dattoro," the deputy district attorney replied, "We do not take a position on that matter." Later in the hearing, the deputy district attorney commented, "It seems to me that we're in possession as a sort of neutral party of property seized under warrant by a judge." The deputy district attorney also advised the court that it was the People's belief that the court had a duty to inquire as to the rightful owner of the property before releasing it.

From the transcript of the hearing, it appears that the parties, the deputy district attorney, and the trial court all agreed that an evidentiary hearing should be held to determine whether the seized property is owned by Ensoniq or Dattoro. However, the deputy district attorney objected to the court's suggestion that the district attorney present evidence in support of Ensoniq's claim to ownership of the seized property. Counsel for Ensoniq also objected, arguing that Ensoniq must be allowed to present proof of ownership on its own behalf.

After taking the matter under submission, respondent court issued an order which ruled that "Ensoniq has no standing, either to bring, or as a party to, a motion to return the property seized from Jon Dattoro pursuant to search warrant number 96-038." The court also ruled that "[t]he hearing on Jon Dattoro's motion to return property will be held in conformance with the procedures outlined in *People* v. *Superior Court* (*McGraw*) (1979) 100 Cal.App.3d 154 [160 Cal.Rptr. 663]. At that hearing the parties will be Jon

Dattoro and the People of the State of California as represented by the Santa Clara County District Attorney's Office. It is the People who may present evidence that Ensoniq is the rightful owner of the property seized pursuant to the warrant they issued."

Ensoniq then sought review of the trial court's order by way of a petition for writ of mandate and request for stay. We stayed the hearing on Dattoro's motion for return of property, and issued an alternative writ and order to show cause to real party in interest.

### III. DISCUSSION

■ The order of the trial court denying Ensoniq standing to appear in proceedings for return of property seized under search warrant from its former employee is not an appealable order. Discretionary review by writ of mandate from this court is therefore available. (See, e.g., *Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361, 364 [38 Cal.Rptr. 576].)

A. *Disposition of Property Seized Pursuant to Search Warrant*

■ The right to regain possession of one's property is a substantial right. (*Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884, 896 [103 Cal.Rptr. 354].) "Continued official retention of legal property with no further criminal action pending violates the owner's due process rights." (*People* v. *Lamonte* (1997) 53 Cal.App.4th 544, 549 [61 Cal.Rptr.2d 810].) Therefore, "[o]ne who is in possession of property under a claim of right cannot be deprived of its possession without due process of law." (*Modern Loan Co.* v. *Police Court* (1910) 12 Cal.App. 582, 585 [108 P. 56] (hereafter, *Modern Loan Co.*).)

■ When property is seized pursuant to warrant, the property must be retained in the custody of the officer, subject to order of the court in which the warrant is returnable or the offense relating to the property is triable. (§ 1536.)[2] An officer who seizes property under a search warrant does so on behalf of the court for use in a judicial proceeding. (*People* v. *Icenogle* (1985) 164 Cal.App.3d 620, 623 [210 Cal.Rptr. 575].) "Section 1536 was enacted in order to provide controls over those officials in possession of property seized pursuant to a search warrant . . . ." (*People* v. *Von Villas* (1992) 10 Cal.App.4th 201, 239 [13 Cal.Rptr.2d 62].)

---

[2]Section 1536 provides: "All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable."

██ The Penal Code provides for return or delivery of property seized under warrant. The trial court is empowered to entertain a motion for return of seized items by section 1536, as well as by the court's inherent power to control and prevent the abuse of its process. (*People* v. *Superior Court* (1972) 28 Cal.App.3d 600, 607 [104 Cal.Rptr. 876]; *People* v. *Icenogle*, *supra*, 164 Cal.App.3d at p. 623.) If no criminal action is pending, an owner's motion for return of seized property is classified as a special proceeding. (*Avelar* v. *Superior Court* (1992) 7 Cal.App.4th 1270, 1276 [9 Cal.Rptr.2d 536] [motion under §§ 1539-1540 is a special proceeding].) A "special proceeding" is one which is distinct from any underlying litigation. (7 Cal.App.4th at p. 1275.)

Both criminal defendants and nondefendants may move for return of seized property because the search warrant or seizure was unlawful. A defendant may move for return of property or suppression of evidence pursuant to sections 1538.5 and 1540, on grounds that the search or seizure was illegal, or the warrant was insufficient on its face. (*Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085, 1088 [102 Cal.Rptr. 494].)

Under sections 1539-1540, a nondefendant may move for return of property on grounds that the property taken was not the same as that described in the warrant, or that there was no probable cause to believe the existence of the grounds on which the warrant was issued. (*People* v. *Superior Court* (*Chico etc. Health Center*) (1986) 187 Cal.App.3d 648, 650 [232 Cal.Rptr. 165].)

However, only legal property may be returned to the person from whom it was taken. "[T]he People have the right to detain any property which it is unlawful to possess, and such right exists whether the property was lawfully seized or not." (*People* v. *Superior Court* (*McGraw*) (1979) 100 Cal.App.3d 154, 157 [160 Cal.Rptr. 663] (hereafter, *McGraw*).) It is unlawful to possess property which is stolen. (*Ibid.*)

██ When property is alleged to have been stolen or embezzled, the officer with custody of the property must hold it subject to the provisions of section 1407 et seq.[3] Section 1408 provides that a person who claims to be the owner of the allegedly stolen or embezzled property may apply to the magistrate for an order delivering the property to him, upon satisfactory proof of ownership. Section 1408 also requires that reasonable notice and an

---

[3]Section 1407 provides: "When property, alleged to have been stolen or embezzled, comes into the custody of a peace officer, he shall hold it subject to the provisions of this chapter relating to the disposal thereof."

opportunity to be heard be given to the person from whom the property was seized.[4]

The allegation of theft or embezzlement must be included in a complaint or criminal charge, in accordance with the language of section 1408 which provides that only the magistrate "before whom the complaint is laid, or who examines the charge against the person accused" may make an order delivering the property to its rightful owner. Thus, a search warrant issued upon grounds that there is probable cause to believe that the property to be seized was stolen or embezzled does not state an allegation which would enable a third party to make an application for delivery of the property under section 1408.

When property is not *alleged* to have been stolen or embezzled, but instead *is* "property stolen or embezzled," sections 1409-1411 provide that the magistrate who has custody of the property shall order it delivered to the owner upon satisfactory proof of ownership, and when reasonable notice and an opportunity to be heard have been given to the person from whom the property was taken.[5] Section 1411 provides for the disposition of stolen or embezzled property which has not been claimed by the owner, and sets forth the procedure by which the property may be turned over to the county.[6]

---

[4]Section 1408 provides: "On the application of the owner and on satisfactory proof of his ownership of the property, after reasonable notice and opportunity to be heard has been given to the person from whom custody of the property was taken and any other person as required by the magistrate, the magistrate before whom the complaint is laid, or who examines the charge against the person accused of stealing or embezzling it, shall order it to be delivered, without prejudice to the state, to the owner, on his paying the necessary expenses incurred in its preservation, to be certified by the magistrate. The order entitles the owner to demand and receive the property."

[5]Section 1409 provides: "If property stolen or embezzled comes into the custody of the magistrate, it shall be delivered, without prejudice to the state, to the owner upon his application to the court and on satisfactory proof of his title, after reasonable notice and opportunity to be heard has been given to the person from whom custody of the property was taken and any other person as required by the magistrate, and on his paying the necessary expenses incurred in its preservation, to be certified by the magistrate." (§ 1409.)

"If the property stolen or embezzled has not been delivered to the owner, the court before which a trial is had for stealing or embezzling it, upon the application of the owner to the court and on proof of his title, after reasonable notice and opportunity to be heard has been given to the person from whom custody of the property was taken and any other person as required by the court, may order it to be restored to the owner without prejudice to the state." (§ 1410.)

[6]Section 1411 provides: "If the ownership of the property stolen or embezzled and the address of the owner, and the address of the owner of a security interest therein, can be reasonably ascertained, the peace officer who took custody of the property shall notify the owner, and a person having a security interest therein, by letter of the location of the property and the method by which the owner may obtain it. This notice shall be given upon the conviction of a person for an offense involving the theft, embezzlement, or possession of the

"Penal Code section 1411 assumes that stolen property is not to be returned to the possession of the person from whom it was taken, even if that person was not charged with or convicted of any crime and even if a third party owner is not found." (*McGraw, supra,* 100 Cal.App.3d at p. 158.) However, as the court noted in *McGraw,* section 1411 is silent as to the appropriate procedure to follow in making the initial determination as to whether property seized under a search warrant *is* in fact stolen, when there is no conviction of theft and no criminal charge pending. (100 Cal.App.3d at p. 159.) Sections 1408-1410 are likewise silent as to how the property is to be deemed stolen or embezzled absent a charge or conviction.

We find that due process requires the People to prove by a preponderance of the evidence that the seized property was stolen or embezzled, in a situation where no charges are pending and no conviction has been obtained. Although it may be suspected that the seized property was stolen, that fact must be proven by due process of law. (*People* v. *Lawrence* (1956) 140 Cal.App.2d 133, 138 [295 P.2d 4].) "Evidence Code section 637 provides that the 'things which a person possesses are presumed to be owned by him.' " (*McGraw, supra,* 100 Cal.App.3d at p. 159.) Thus, with regard to a determination of theft under section 1411, the court in *McGraw* concluded that ". . . the subject property is presumed to be owned by the [persons from whom the property was seized] until the state has presented evidence which

property, or if a conviction was not obtained, upon the making of a decision by the district attorney not to file the case or upon the termination of the proceedings in the case. Except as provided in Section 217 of the Welfare and Institutions Code, if the property stolen or embezzled is not claimed by the owner before the expiration of three months after the giving of this notice, or, in any case in which such a notice is not given, before the expiration of six months from the conviction of a person for an offense involving the theft, embezzlement, or possession of the property, or if a conviction was not obtained, then from the time the property came into the possession of the peace officer or the case involving the person from whom it was obtained is disposed of, whichever is later, the magistrate or other officer having it in custody may, on the payment of the necessary expenses incurred in its preservation, deliver it to the county treasurer or other proper county officer, by whom it shall be sold and the proceeds paid into the county treasury. However, notwithstanding any other provision of law, if the person from whom custody of the property was taken is a secondhand dealer or licensed pawnbroker and reasonable but unsuccessful efforts have been made to notify the owner of the property and the property is no longer needed for the criminal proceeding, the property shall be returned to the secondhand dealer or pawnbroker who had custody of the property and be treated as regularly acquired property. If the property is transferred to the county purchasing agent it may be sold in the manner provided by Article 7 (commencing with Section 25500) of Chapter 5 of Part 2 of Division 2 of Title 3 of the Government Code for the sale of surplus personal property. If the county officer determines that any of the property transferred to him or her for sale is needed for a public use, the property may be retained by the county and need not be sold. The magistrate or other officer having the property in custody may, however, provide for the sale of the property in the manner provided for the sale of unclaimed property which has been held for at least three months pursuant to Section 2080.4 of the Civil Code."

would support a finding that they did not in fact own the property. The People would be required to prove the property was stolen by a preponderance of the evidence, as in all determinations of ownership. . . . [¶] . . . In the event the People fail in their burden of proving the property to be stolen, then the property must be returned to [the persons from whom the property was seized]." (100 Cal.App.3d at pp. 159-160.)

■ Therefore, in accordance with the plain language of section 1407 et seq. and the requirements of due process, a third party claimant to seized property has no standing to apply for delivery of the property or to prove ownership in criminal court, until (1) the People allege that the person from whom the property was seized stole or embezzled the property, in a criminal complaint or charge (§ 1408); (2) the People have proven that the property was stolen or embezzled by obtaining a conviction of theft or embezzlement (§ 1409); or (3) the People have proven by a preponderance of the evidence in a special proceeding that the person from whom the property was seized stole or embezzled it. (§ 1409.)

■ Once a third party claimant has applied for delivery of the property, sections 1408-1411 require that reasonable notice and an opportunity to be heard be given to the person from whom the property was seized before the magistrate delivers the property to the claimant. "Due process requires that the determination of whether the seized property is stolen must be the result of a fair hearing." (*McGraw, supra,* 100 Cal.App.3d at p. 159.)

The fair hearing enables the magistrate to determine the right of actual possession of the seized property, as authorized by section 1407 et seq. (*Buker* v. *Superior Court, supra,* 25 Cal.App.3d at p. 1090; *Modern Loan Co., supra,* 12 Cal.App. at p. 587.) If the magistrate rules upon ownership of the property, he does so incidentally. (*Ibid.*) The order of the magistrate awarding actual possession to the third party claimant is not res judicata as to the issue of ownership, and the person from whom the property was seized may maintain a civil action against the person to whom the property was delivered. (*Ibid.*)

Similarly, if the magistrate orders the property returned to the person from whom it was seized, the third party claimant is not barred by the magistrate's order from asserting any civil remedies against the person awarded actual possession. The limited nature of the magistrate's order is consistent with the rule that the summary remedy of a motion for return of seized property cannot be turned into a civil proceeding for conversion. (*City of San Jose* v. *Superior Court* (1987) 195 Cal.App.3d 743, 749 [240 Cal.Rptr. 882]; *People* v. *Icenogle, supra,* 164 Cal.App.3d at p. 624.)

B. *The District Attorney Cannot Be Compelled to Participate in a Hearing to Determine Whether the Seized Property Was Stolen or Embezzled.*

■    The public prosecutor is the representative of the People as a body, not an ordinary party to a controversy. (*People* v. *Eubanks* (1996) 14 Cal.4th 580, 589 [59 Cal.Rptr.2d 200, 927 P.2d 310].) The district attorney of each county is the public prosecutor, vested with the power to conduct on behalf of the People all prosecutions for public offenses within the county. (*Ibid.*) Subject to the supervision of the Attorney General, the district attorney independently exercises the executive branch's discretionary powers in the initiation and conduct of criminal proceedings. (*Ibid.*) "The district attorney's discretionary functions extend from the investigation and gathering of evidence relating to criminal offenses [citation] through the crucial decisions of whom to charge and what charges to bring." (*Ibid.*)

■    We hold that the discretionary power of the district attorney also extends to decisions regarding whether to object to the court's disposal of property seized pursuant to warrant. While section 1536 provides that property seized under warrant may not be released absent court order, that section does not require the district attorney to oppose a motion for return of property. It is within the discretion of the district attorney to oppose such a motion if the district attorney believes that the property should be detained by the People because its possession is unlawful, or if the district attorney believes the property was stolen or embezzled. It is also within the district attorney's discretion to decide not to oppose a motion for return of property because the People cannot prove that the property is stolen or otherwise illegal.

C. *Dattoro's Motion for Return of Property Must Be Granted Because the People Do Not Allege and Cannot Prove That the Property Was Stolen*

■    In the present case, Dattoro filed a motion for return of the physical items seized from his residence, pursuant to section 1536. The motion should be granted and actual possession of the physical items awarded to Dattoro without an evidentiary hearing or any participation in the proceedings by Ensoniq.

It is undisputed that no criminal charges were ever filed against Dattoro with respect to the seized property. In fact, the deputy district attorney in charge of the high technology crimes unit acknowledged that the People could not prove that Dattoro had stolen the property. And, far from objecting to Dattoro's motion for return of property, the district attorney stated that the People were "neutral" and "took no position" with regard to the seized

property. The district attorney thus made no claim that the property should be detained by the People because its possession is unlawful.

Under these circumstances, Dattoro properly brought a motion for return of seized property pursuant to section 1536. Section 1407 et seq., which provides for an application by a third party claimant for delivery of stolen property, is not applicable because the People have not chosen to allege that the seized property from Dattoro was stolen, and have not objected to return of the property to him. The trial court therefore properly ruled that Ensoniq had no standing to either bring or oppose a motion for return of seized property.

During oral argument, counsel for Ensoniq made a request for a different writ of mandate than it originally sought. Ensoniq asked, if this court would not issue a writ compelling the trial court to allow Ensoniq to participate in a hearing regarding the ownership of the seized property, that a different writ issue requiring the district attorney to appear and state expressly whether the People objected to return of the property to Dattoro. Counsel argued that the record did not clearly show the People's position on return of the seized property to Dattoro.

We have reviewed the record carefully and find that it demonstrates the district attorney's position clearly. The record shows that the district attorney did not want to release the property without a court determination as to whom the property should be returned, but otherwise did not object to return of the property to Dattoro. We therefore conclude that it is not necessary or appropriate to require the district attorney to appear and answer any questions about the People's intentions with regard to the seized property.

Since the district attorney did not object to return of the property to Dattoro, the trial court erred in ordering the district attorney to appear at a hearing and present evidence that Ensoniq is the rightful owner of the seized property. ■ The trial court cannot compel the exercise of prosecutorial discretion. (See, e.g., *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 976 [60 Cal.Rptr.2d 93, 928 P.2d 1171].) ■ Having chosen not to charge Dattoro with theft or to object to return of the seized property to him, the People cannot be compelled to do so. Moreover, the district attorney cannot represent the private interests of Ensoniq, because the district attorney represents only the interests of the People in prosecuting public offenses.

In fashioning a proceeding in which Dattoro's motion for return of property would be determined by an evidentiary hearing at which Dattoro

and the People would both have the opportunity to present evidence regarding ownership of the seized property, the trial court relied upon *McGraw*, *supra*, 100 Cal.App.3d 154. However, *McGraw* does not stand for the proposition that the district attorney can be compelled to participate in an evidentiary hearing in order to resolve the ownership claims of a third party. *McGraw* is distinguishable because the district attorney in that case vigorously objected to return of stolen property to the criminal defendants, McGraw and Strong.

Large amounts of jewelry had been seized from McGraw and Strong's residence pursuant to search warrant. (*McGraw*, *supra*, 100 Cal.App.3d at p. 156.) Approximately 200 theft victims examined the seized property, but less than 5 percent of the property was claimed. (*Ibid.*) McGraw and Strong were convicted of certain offenses, including, presumably, theft. (*Ibid.*) After the conclusion of criminal proceedings, their motion for return of the unclaimed jewelry was granted by the trial court. (*Id.* at p. 157.)

The People then sought a writ of mandate to compel the trial court to set aside its order returning the unclaimed jewelry to defendants, arguing that the property should not be returned to defendants without an evidentiary hearing and a finding as to whether the jewelry had been stolen. (*McGraw*, *supra*, 100 Cal.App.3d at p. 157.) The appellate court agreed that under section 1411, the People should be allowed to exercise their right to detain any seized property which it is unlawful to possess, upon proving by a preponderance of evidence that the unclaimed jewelry was stolen. (100 Cal.App.3d at pp. 159-160.)

Thus, the facts in *McGraw* are distinguishable from the present case, because the People objected to return of the property to McGraw and Strong on the grounds that it was stolen and should not be returned to the criminal defendants. In *McGraw*, the court properly interpreted section 1411 as providing that unclaimed property may be turned over to the county, rather than being returned to the criminal defendants, upon proof by the People that the property was stolen.

In contrast, the district attorney here has taken a neutral stance with regard to the property seized from Dattoro, and has not objected to return of the property to him. As we have discussed, it is clear that the People do not seek to prove that Dattoro stole the seized property, and the provisions of section 1407 et seq., giving a third party claimant the opportunity to apply for delivery of stolen property, do not apply.

The facts of the present case are closer to those of *Modern Loan Co.*, *supra*, 12 Cal.App. 582. In *Modern Loan Co.*, the owner of a piece of jewelry

swore in an affidavit that it had been stolen and was concealed on the premises of Modern Loan Co. (*Id.* at pp. 583-584.) The police judge then issued a search warrant, and the jewelry was seized from Modern Loan Co. (*Ibid.*) When the police judge was about to rule on the ownership of the jewelry, Modern Loan Co. sought a writ of prohibition, which was granted. (*Id.* at p. 584.) On review, the appellate court agreed that sections 1408 and 1409 were unconstitutional, because the statutes violated due process by failing to require that notice and opportunity to be heard be given to the person from whom the property was seized before a determination was made as to the possession of stolen property. (12 Cal.App. at p. 585.)[7]

In making its ruling, the appellate court commented that "in the case at bar no one has been arrested; no one has been charged with an offense; no one has been brought to trial; nor is the article seized to be used as evidence in any case. Thus it clearly appears that the search-warrant proceedings were resorted to for the sole purpose of having the magistrate pass upon the right of possession of property under a law which gives no notice to the person from whom the property is summarily taken. We think that it was never intended[,] under the circumstances of this case[,] that the right of possession of property should be adjudicated by a magistrate, especially when the law has provided the means for settling such question by the ordinary action of claim and delivery." (*Modern Loan Co., supra*, 12 Cal.App. at p. 594.)

Likewise, we think it was never intended that the district attorney should be compelled to participate in an evidentiary hearing regarding a motion to return seized property when no criminal proceedings are pending, and the district attorney cannot prove the seized property is stolen. We do not think that the criminal courts are available for the purpose of shortcut solutions to intellectual property disputes.

However, we emphasize that our ruling today has no effect upon any civil remedies which may be asserted by either Ensoniq or Dattoro.[8] We find only that the applicable statutes and due process of law require respondent court to issue an order granting Dattoro's motion for return of property and directing that actual possession of the physical items seized pursuant to search warrant No. 96-038 be returned to him.

## IV. DISPOSITION

Let a peremptory writ of mandate issue, directing respondent superior court to (1) vacate its order of April 17, 1997, that the hearing on Dattoro's

---

[7]Sections 1408-1410 were amended by Statutes 1971, chapter 799, sections 1-3, pages 1553-1554 to include the requirement that notice and an opportunity to be heard be given to the person from whom custody of the stolen property was taken.

[8]We were advised for the first time during oral argument that Ensoniq has instituted civil proceedings against Dattoro.

motion to return property will be held in conformance with the procedures outlined in *McGraw*, *supra*, 100 Cal.App.3d 154; and (2) enter a new and different order granting the motion to return property and returning actual possession of the items seized pursuant to search warrant No. 96-038 to Dattoro. Each party to this writ proceeding is to bear his or its own costs.

Premo, J., and Bamattre-Manoukian, J., concurred.

Petitioner's application for review by the Supreme Court was denied November 18, 1998.