Filed 12/9/14  P. v. Stiehl CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Respondent,<br><br>      v.<br><br>JOHN MELVIN STIEHL,<br><br>            Defendant and Appellant. | C072805<br><br>(Super. Ct. Nos. SF11356,<br>SF12117, SF12361) |

In October 2012, in case No. SF12117, defendant John Melvin Stiehl pleaded no contest to failing to appear on his own recognizance.  (Pen. Code, § 1320, subd. (b).)  In case No. SF12361, he pleaded no contest to possession of a controlled substance.  (Health & Saf. Code, § 11377, subd. (a).)  In case No. SF11356, he pleaded no contest to misdemeanor possession of ammunition (Pen. Code, § 12316, subd. (b)(1)) and admitted a prior felony conviction.

1

In December 2012, defendant was sentenced to local custody for terms of one year four months in case No. SF12117, one year four months in case No. SF12361, and six months in case No. SF11356. The terms were run concurrent to each other and to terms imposed in Placer County cases. Several related counts were dismissed.

Defendant filed notice of appeal in case Nos. SF12117 and SF12361. He filed a misdemeanor notice of appeal in case No. SF11356 in the appellate division of the Nevada County Superior Court. Because case No. SF11356 was then pending in the superior court, not this court, we denied defendant's application to construe his notice of appeal as including that case without prejudice to a motion to transfer from the appellate division to this court. The appellate division later transferred the case, which originally had been filed as a felony, to this court. Because the transfer has been accomplished, we now grant the application and construe the notice of appeal as including all three cases.

On appeal, defendant contends the trial court erred by failing to order the return of his motorcycle that was seized during a warrant search in case No. SF12361. We treat the appeal as a petition for mandate and deny the petition.

FACTS

### 1. *Case No. SF11356*

The facts are taken from defendant's motion for return of property. On September 15, 2011, Nevada County sheriff's deputies served a search warrant at a residence on Dog Bar Road. When the warrant was executed, defendant was located in an outbuilding along with methamphetamine, a firearm, ammunition, and an ingestion device. Sheriff's deputies seized several vehicles that were suspected to have been stolen, including a motorcycle.

### 2. *Case No. SF12117*

The facts are taken from defendant's stipulation of factual basis for the plea. Following execution of the search warrant, defendant was charged with, among other

2

things, possession of a firearm by a felon.  After having been released on his own recognizance, defendant failed to appear in court on February 24, 2012.

### 3. *Case No. SF12361*

The facts are taken from the sheriff's incident report.  In December 2011, Nevada County sheriff's deputies returned to the Dog Bar Road property to serve an arrest warrant on Barbara Boyle, the girlfriend of defendant, and to conduct a parole search of defendant.  Inside a van, deputies found methamphetamine, hypodermic syringes, used methamphetamine pipes, and a digital scale with white residue.  Several stolen vehicles and vehicle parts were located on the property.

### DISCUSSION

### I

### *Denial of Defendant's Motion to Return Property*

Defendant contends his appeal is from a final judgment imposing a sentence and is authorized by Penal Code section 1237, subdivision (a).  He also claims his appeal is from an order denying the return of property and is appealable pursuant to Penal Code section 1538.5, subdivision (m).  We conclude the appeal must be dismissed.

Penal Code section 1237 provides that "[a]n appeal may be taken by the defendant:  [¶]. . .[¶]  (b) From any order made after judgment, affecting the substantial rights of the party."  This provision does not extend "to the return of property not admitted in evidence but remaining in the custody of the police," because the motion "is not directed to the criminal action resulting in defendant's conviction; and the order therein could not have affected any substantial right subject to that action."  (*People v. Tuttle* (1966) 242 Cal.App.2d 883, 885.)  The motorcycle is not within the scope of Penal Code section 1237 because it was not admitted in evidence in any of the three superior court cases.

3

Penal Code section 1538.5, subdivision (m) allows for appellate review following a guilty plea of the denial of a motion for the return of property where "the property or thing has been offered or will be offered as evidence against him or her." But denial of a motion for return of property unrelated to a defendant's criminal proceedings is not appealable. (*People v. Gershenhorn* (1964) 225 Cal.App.2d 122, 124-126; see *Ensoniq Corp. v. Superior Court* (1998) 65 Cal.App.4th 1537, 1546 (*Ensoniq*).)

The defendant is not without a remedy; the matter may be reviewed by petition for writ of mandate. (*People v. Gershenhorn, supra*, 225 Cal.App.2d at p. 126.) Defendant asks that we treat the appeal as a writ petition if we conclude the order denying return of property is not appealable. (*In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403.) We will do so.

II

*Disposal of the Motorcycle*

Defendant contends the trial court erred by failing to order the return of his motorcycle that was seized during the warrant search of the Dog Bar Road property. He reasons that Vehicle Code section 10751 did not authorize the destruction of the motorcycle without notice to defendant as the party in possession and a hearing on the issue. (Further statutory references are to the Vehicle Code unless otherwise indicated.) We disagree.

*Background*

California Highway Patrol (CHP) Officer Cindy Lee Morgan was called to assist the Nevada County sheriff's deputies conducting the September 15, 2011, search on Dog Bar Road.

Officer Morgan located a "special construction" motorcycle. The license plate had been stolen from another vehicle. Officer Morgan located a "[h]ighly irregular" number that did not appear to be a manufacturer's vehicle identification number (VIN). In

4

addition to the irregular number, the motorcycle had an Arizona "blue tag," which is intended to replace a VIN. This "blue tag" appeared wrinkled, "ripped off" from an unspecified surface, and attached to the frame where Officer Morgan found it. Unspecified "confidential installation techniques" had not been used during the attachment. Finally, the serial numbers on the transmission and engine did not match. Inside the motorcycle's saddle bag was a certificate of title issued to Josh Cuneo and signed over to Terri Harmon in August 2011. Defendant's name was not on any paperwork associated with the motorcycle.

Officer Morgan sent notice to Cuneo that the motorcycle had been seized and that he could oppose any proceedings. Cuneo did not respond. Officer Morgan also contacted Harmon, who claimed ownership of the motorcycle and signed her ownership interest over to the CHP. The CHP then disposed of the motorcycle.

On December 21, 2011, the trial court ordered the sheriff's department to release a "Harley-Davidson motorcycle" with specified VIN to defendant "upon proof of legal ownership and current registration." Defendant failed to appear at future court appearances and did not attempt to satisfy the conditions of the release order.

On October 17, 2012, defendant filed a motion for return of property seized during the September 15, 2011, search, including the motorcycle. At an October 25, 2012, hearing on the motion, Cuneo testified that he traded the motorcycle to defendant in exchange for a 1971 Pontiac Firebird and a gold coin. The motorcycle was not registered at the time of the transaction, but Cuneo gave defendant a signed pink slip.

Defendant testified that he brought the pink slip to the Department of Motor Vehicles (DMV) to put the motorcycle in his name but was told he first needed to get a brake and lamp inspection. According to defendant, the title was put in Harmon's name rather than his own for insurance purposes.

5

Following the presentation of evidence and arguments of the parties, the trial court granted defendant's motion as to items of personal property and cash but denied it as to vehicles and registration papers not in his name, including the motorcycle.

The trial court explained its ruling as follows: "Next, I move on to the motorcycle, and that is a tough one because rightly or wrongly DMV registered it for a period of time. [¶] But that said, we still get back to what the uncontradicted evidence is: Cuneo bought it. He owned it, he registered it, and although his intent was to sell it to [defendant], indeed it was transferred to another party, a Ms. Harmon, and she being the proper target of the transfer released her interest. [¶] The dispute or remedy, as it were, between [defendant] and Ms. Harmon, that's the area of dispute. [¶] She released the rightful interest in the motorcycle to CHP having been given notice required under [section] 10751(b). She released it. [¶] That then clears law enforcement to dispose of it according to law. [¶] If there is a debate about that, it is a private debate between [defendant] and Ms. Harmon, because to use the expression 'she may have done him dirt,' but that is a private matter unrelated to the action in front of the Court. [¶] I need to comment on the order in December about the return of the property. I am not going to second-guess the wisdom of the order. [¶] I'm merely going to rely upon what it says, and it requires [defendant] to prove both legal ownership and registration. [¶] We all know he couldn't do the latter, and even the former is tough because there is no pink [slip], there is no registration, there is no bill of sale. What we have is an oral deal. [¶] . . . [¶] But the truth is it was a conditional order. It required, rightly or wrongly, both proof of legal ownership and current registration, and unless and until that's cleared then it doesn't get returned. That was the terms of the order. [¶] . . . [¶] I am willing to accept the testimony of Mr. Cuneo that he registered it. [¶] Be that as it may, the rights under . . . [section] 10751(b) have been relinquished by Ms. Harmon. [¶] The dispute is between [defendant] and Ms. Harmon. It is not between [defendant] and law enforcement, who have done what's required of them and, therefore, they are entitled to

6

dispose of the motorcycle according to law; and given the relinquishment, if they need one, they can get a [section] 10751(b) order out of the Court."

*Analysis*

Section 10751 provides in relevant part:

"(a)  No person shall knowingly buy, sell, offer for sale, receive, or have in his or her possession, any vehicle, or component part thereof, from which any serial or identification number, including, but not limited to, any number used for registration purposes, that is affixed by the manufacturer to the vehicle or component part, in whatever manner deemed proper by the manufacturer, has been removed, defaced, altered, or destroyed, unless the vehicle or component part has attached thereto an identification number assigned or approved by the department in lieu of the manufacturer's number.

"(b)  Whenever a vehicle described in subdivision (a), including a vehicle assembled with any component part which is in violation of subdivision (a), comes into the custody of a peace officer, it shall be destroyed, sold, or otherwise disposed of under the conditions as provided in an order by the court having jurisdiction.  No court order providing for disposition shall be issued unless the person from whom the property was seized, and all claimants to the property whose interest or title is on registration records in the Department of Motor Vehicles, are provided a postseizure hearing by the court having jurisdiction within 90 days after the seizure.  This subdivision shall not apply with respect to a seized vehicle or component part used as evidence in any criminal action or proceeding.  Nothing in this section shall, however, preclude the return of a seized vehicle or a component part to the owner by the seizing agency following presentation of satisfactory evidence of ownership and, if determined necessary, upon the assignment of an identification number to the vehicle or component part by the department.  [¶] . . . [¶]

"(d)  Whenever a peace officer seizes a vehicle described in subdivision (a), the person from whom the property was seized shall be provided a notice of impoundment of the vehicle which shall serve as a receipt . . . .  [¶] . . . [¶]

"(e)  A hearing on the disposition of the property shall be held by the superior court within 90 days after the seizure.  The hearing shall be before the court without a jury.  A proceeding under this section is a limited civil case."

Defendant claims section 10751, subdivision (d) entitled him, as the person from whom the motorcycle was seized, to receive a notice of impoundment; and subdivision (e) entitled him to notice of the date, place, and time of any court hearing.  He claims section 10751, subdivision (b) prevents a court from ordering disposition of the seized motorcycle unless he receives a post seizure hearing within 90 days after the seizure.

Defendant quotes, but does not discuss, section 10751, subdivision (b)'s provision that "*Nothing in this section shall, however, preclude* the return of a seized vehicle or a component part to the owner by the seizing agency following presentation of satisfactory evidence of ownership . . . ."  (Italics added.)  The provision applies to "this section," i.e., the entirety of section 10751, including the procedural requirements of subdivisions (b), (d), and (e).  This means that neither a failure to comply with subdivision (b) nor the presently asserted failures to comply with subdivisions (d) and (e) would have precluded the CHP from *physically returning the motorcycle to Harmon* whom "evidence" "satisfactory" to the CHP had shown to be the "owner[]" of the motorcycle.  (§ 10751, subd. (b).)  In short, CHP was entitled to return the motorcycle to Harmon whether or not defendant received statutory notice and a hearing which it appears the CHP offered to do.

That did not happen in this case, because Harmon elected instead to relinquish her ownership interest to the CHP.  The remaining question is whether Harmon's election preserves for defendant any section 10751 claims that would have been mooted had she opted for physical return of the motorcycle.  Defendant does not address this question, thus forfeiting the point on appeal.  (E.g., *People v. Harper* (2000) 82 Cal.App.4th 1413,

8

1419, fn. 4 (*Harper*).) In any event, nothing in the statute suggests that an owner's election of relinquishment of a vehicle in lieu of physical return somehow preserves a mere possessor's claim of lack of notice. As to the motorcycle, defendant's motion for return of property was properly denied.

Defendant lastly contends the CHP's disposition of the motorcycle does not discharge the motorcycle from the custody of the court as an item seized under warrant. (Citing *Ensoniq, supra*, 65 Cal.App.4th at p. 1546.) *Ensoniq* considered Penal Code section 1536, which provides: "All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable."

The trial court rejected defendant's contention, explaining that items of contraband fall outside the scope of Penal Code section 1536. The court said, "[such items may] be certainly not listed in the warrant and have nothing to do with the affidavit of probable cause to justify the warrant, but if it is found to be contraband, then it is seized and kept subject to disposition by law or a motion such as this."

Defendant does not address the trial court's remarks or demonstrate error in its analysis. Any claim of error is forfeited. (*Harper, supra*, 82 Cal.App.4th at p. 1419, fn. 4.)

In any event, there was substantial evidence that the motorcycle or portions thereof lacked proper identification and thus was contraband. Defendant's Penal Code section 1536 claim has no merit.

9

DISPOSITION

The appeal is dismissed.  Treating the appeal as a petition for writ of mandate, the petition is denied.

      HULL      , J.

We concur:

     BLEASE     , Acting P. J.

     MURRAY     , J.