Filed 3/3/21  P. v. Harris CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY TERRY HARRIS,<br><br>        Defendant and Appellant. | A160176<br><br>(Lake County<br>Super. Ct. Nos. CR951548 &<br>CR953824) |

Zachary Terry Harris (appellant) appeals from a judgment following his no contest pleas to three counts in two cases.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm the judgment.

1

BACKGROUND

In August 2018, appellant was charged by information in Case No. CR951548 with reckless evasion of a pursuing police officer (Veh. Code, § 2800.2, subd. (a)); misdemeanor possession of marijuana for sale (Health & Saf. Code, § 11359, subd. (b)); and misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)). In January 2019, appellant made a *Marsden*[1] motion which was denied; at the next hearing, appellant made another *Marsden* motion which was granted. In March 2019, a consolidated information was filed in the same case adding the following counts: failure to appear while on bail (Pen. Code, § 1320.5); reckless evasion of a pursuing peace officer while driving opposite to traffic (Veh. Code, § 2800.4, subd. (a)); reckless evasion of a pursuing police officer (Veh. Code, § 2800.2, subd. (a)); possession of a billy (Pen. Code, § 22210); and additional misdemeanors.

Later that month, appellant pled no contest to one count of reckless evasion of a pursuing police officer in exchange for dismissal of the remaining counts and a stipulated sentence of three years in state prison. According to the probation report, after an officer stopped appellant's vehicle, he drove away at speeds up to 85 miles per hour in a 55 miles per hour zone, failed to yield to traffic or signal before turning, and drove around a police car blocking his way. Following the plea, appellant was released on his own recognizance prior to sentencing. He failed to appear at the next court date and a bench warrant issued for his arrest.

In May 2019, appellant was charged in Case No. CR953824 with reckless evasion of a pursuing peace officer while driving opposite to traffic

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

2

(Veh. Code, § 2800.4); reckless evasion of a pursuing police officer (Veh. Code, § 2800.2, subd. (a)); and failure to appear while released on his own recognizance (§ 1320, sub. (b)).  In the following months, appellant made two *Marsden* motions which were denied; a *Faretta*[2] motion which was granted; a motion to disqualify the superior court judge for cause which was denied; a request for reappointment of counsel which was granted (the court appointed a different attorney than appellant's previous one); and three more *Marsden* motions which were denied.

In November 2019, appellant pled no contest to attempted reckless evasion of a pursuing peace officer and failure to appear, in exchange for dismissal of the remaining count and a stipulated sentence of four years in prison for both cases.  According to the probation report, after appellant failed to appear in CR951548, he drove away from a pursuing police officer at speeds up to 90 miles per hour, driving on the wrong side of the road, and forcing other cars off the road.

Following this plea, appellant made another *Marsden* motion, which was denied.  Appellant also filed a motion for the return of certain property seized by law enforcement.  After an evidentiary hearing, the trial court denied the motion.

At sentencing, the trial court denied appellant's requests for probation and to reduce one of the felony counts to a misdemeanor, sentenced appellant to an aggregate term of four years in prison pursuant to the plea agreements, found appellant had no ability to pay fines or fees, and awarded credits.  Appellant requested, and the trial court granted, a certificate of probable cause.

---

[2] *Faretta v. California* (1975) 422 U.S. 806.

## DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings, other than during his period of self-representation. There was no prejudicial abuse of discretion in the trial court's denials of appellant's *Marsden* motions. The court made appropriate admonishments and inquiries before granting appellant's *Faretta* motion, and properly granted appellant's subsequent request to revoke his in pro per status and have an attorney appointed. The disqualification motion was properly denied.

Appellant completed plea forms advising him of the consequences of his no contest pleas and describing the constitutional rights he was waiving. At the plea hearing for CR951548, appellant stated his plea was being coerced. However, in the following months appellant had ample opportunity to file a motion to withdraw the plea: The prosecutor stated she had concerns about the voluntariness of his plea and would not oppose a motion to withdraw, the trial court repeatedly informed appellant of his option to file such a motion, and the trial court told appellant it would grant the motion if filed. Under these circumstances, appellant's failure to file a motion to withdraw the plea has forfeited any claim that the plea was coerced. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412–1413 ["The record demonstrates defendant was aware of the circumstances that allegedly caused his plea to be involuntary some two days after entry of the plea and well before judgment, that defendant thereafter obtained a continuance to allow him to file a motion to withdraw his plea, and that no such motion was ever made. In the circumstances, by failing to move to withdraw his plea in the trial court, defendant has forfeited the claim on appeal that his plea was entered involuntarily."].)

The sentence was consistent with the plea agreements.  The sentencing credits were proper.

The order denying appellant's motion for return of property is not reviewable on direct appeal.  (*People v. Hopkins* (2009) 171 Cal.App.4th 305, 308 ["A motion for return of property is a separate procedure from the criminal trial and is not reviewable on an appeal from an ultimate judgment of conviction."].)

DISPOSITION

The judgment is affirmed.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

SELIGMAN, J.*

(A160176)

_____

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6