Filed 2/14/25  P. v. Cofield CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084403 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD300391) |
| KEITH ALLEN COFIELD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Appeal dismissed.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2023, Keith Cofield pled guilty to receiving a stolen motor vehicle (Pen. Code, § 496d[1]) and admitted the allegation under section 12022.1, subdivision (b) that he committed the offense while released from custody in an earlier case.  The trial court suspended imposition of his

---

[1]    Undesignated statutory references are to the Penal Code.

sentence for two years and granted formal probation with certain terms and conditions. In February 2024, Cofield filed a motion for return of property, requesting return of 55 items of his personal property that had been seized by law enforcement after his arrest in August 2023. The trial court denied the motion, and Cofield seeks to appeal the denial.

An order denying a motion for return of property is not reviewable on appeal from an ultimate judgment of conviction because it is a separate procedure from the criminal trial. (*People v. Hopkins* (2009) 171 Cal.App.4th 305, 308 (*Hopkins*); *People v. Gershenhorn* (1964) 225 Cal.App.2d 122, 125 (*Gershenhorn*).) And even if the separate procedure of a motion for return of property were "regarded as a criminal proceeding, for which the right to appeal is governed by Penal Code section 1237," the order would still not be appealable because it is not listed among the matters for which an appeal is authorized by section 1237. (*Hopkins*, at p. 308; *Gershenhorn*, at p. 125.) We therefore must dismiss the appeal for lack of jurisdiction.[2]

DISPOSITION

The appeal is dismissed.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.

---

[2]    The proper avenue for review was through a petition for a writ of mandate. Alternatively, Cofield may seek the return of his property in a civil action for recovery of property, with the right to appeal from any adverse civil judgment. (*Hopkins, supra*, 171 Cal.App.4th at pp. 308–309.)

2